Jack Scarola
Florida Bar No.: 169440
Attorney E-Mail(s):  jsx@searcylaw.com and
          mep@searcylaw.com
Primary E-Mail: _scarolateam@searcylaw.com
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 33409
Phone: (561) 686-6300
Fax:    (561) 383-9451

*Attorney for Bradley J. Edwards*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| In re: SUBPOENA TO BRADLEY J. EDWARDS<br><br>Underlying case:<br><br>VIRGINIA L. GIUFFRE, Plaintiff<br><br>v.<br><br>GHISLAINE MAXWELL, Defendant<br><br>No. 15-cv-07433-RWS (S.D.N.Y.) | **DECLARATION OF BRADLEY J. EDWARDS IN SUPPORT OF MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**<br><br>Case No. |

I, Bradley J. Edwards, declare as follows:

1. I am an attorney at law duly licensed in the State of Florida and admitted to practice in the U.S. District Court for the Southern District of Florida. I respectfully submit

this declaration in support of the Motion to Quash Subpoena or, in the Alternative, for a Protective Order.

2.      Attached as Exhibit 1 is a true and correct copy of the complaint filed in the Southern District of New York in the case of *Virginia L. Giuffre v. Ghislaine Maxwell.*

3.      Attached as Exhibit 2 is a true and correct copy of the subpoena received by Bradley J. Edwards.

4.      Attached as Exhibit 3 is a composite exhibit, which are true and correct copies of pages from the Deposition of Alan Dershowitz.

5.      Attached as Exhibit 4 is a true and correct copy of a composite document containing Plaintiff's Second Request for Production of Documents and Defendant Maxwell's Responses and Objections Thereto.

6.      Attached as Exhibit 5 is a true and correct copy of the complaint filed in the case currently styled as *Jane Doe 1 and Jane Doe v. United States* (S.D. Fla.).

7.      Attached as Exhibit 6 is a true and correct copy a subpoena sent to a Florida company, Victims Refuse Silence, Inc. (VRS).

8.      I maintain my law office in Fort Lauderdale, Florida.

9.      I am a counsel of record for plaintiff Virginia L. Giuffre in the case Giuffre v. Maxwell, No. 15-cv-07433-RWS (S.D.N.Y.).  Other counsel of record include: Sigrid S. McCawley and Meredith Schulz of Boies, Schiller & Flexner, LLP (Ft. Lauderdale, Florida), and Paul G. Cassell (who maintains his law office at the University of Utah in Salt Lake City, Utah).

10. I have received a subpoena to produce numerous documents in the *Giuffre v. Maxwell* case. I am not a party to that case, but the attorney for the plaintiff, Ms. Giuffre.

11. I was a party to a case styled *Edwards and Cassell v. Dershowitz*, 15-000072 (17th Judicial District, Broward County, Florida). The production at issue in that case spanned several thousand pages of documents. Production *from* defendant Dershowitz came in several different stages, and various productions involved assertions of privilege. Production *to* defendant Dershowitz of documents and receipt of documents in that case was handled by my attorney. While I have many of the documents that were produced or received, I did not maintain a separate file as I was merely a party in the litigation and did not keep records of the exact documents produced or received during that litigation. *Id.*

12. I am party in the case *Epstein v. Edwards et al.,* Case No. 50-2009 CA 040800XXXNMBAG (15th Judicial Circuit, West Palm Beach, Florida). The case has been litigated for seven years. A substantial number of documents are involved in the case. Many of the subjects in the case overlap with subjects in the on-going *Jane Doe 1 and Jane Doe 2 v. United States* case, as well as the now-closed *Edwards and Cassell v. Dershowitz* case. Because of this overlap, and because I was merely a party and not the primary attorney handling the *Epstein v. Edwards* case, I have not maintained a separate file for this matter nor have I segregated any materials for the *Epstein v. Edwards* case. It would be an enormous burden and would be impossible to try and identify which discovery materials relate only to the *Epstein v. Edwards* case.

13. Ghislaine Mawell is in a joint defense agreement with Jeffrey Epstein. *See* Exhibit 5, answers to RFPs 6 and 7.

14. I am a counsel of record in the case of *Jane Doe 1 and Jane Doe 2 v. United States*, No. 9:08-cv-80736-MARRA (S.D. Fla.), along with co-counsel Paul G. Cassell. We filed the case in July of 2008 and have been handling the matter ever since on a pro bono basis.

15. Over the course of the nearly eight years of litigation in the case, the Government has produced correspondence between attorneys for Jeffrey Epstein and itself (i.e., the U.S. Attorney's Office for the Southern District of Florida and other components of the Justice Department). That correspondence has been produced in multiple steps and amounts to hundreds of pages (if not thousands of pages) of material.

16. Defendant Maxwell has sought any engagement letters between me and Ms. Giuffre in the *Giuffre v. Maxwell* case, and production has been made.

17. Defendant Maxwell has sought production of Ms. Giuffre's joint defense agreement that pertains to the *Giuffre v. Maxwell* case. On May 31, 2016, a copy of the joint defense agreement was provided to Ms. Maxwell as Exhibit 5 in support of Ms. Giuffre's Response in Opposition to Defendant's Motion to Compel Non-Privileged Documents.

18. With regard to any work that I have done on behalf of a Florida not-for-profit corporation, Victims Refuse Silence, Inc. (VRS), that would have been work as an attorney for my client Ms. Giuffre and would, accordingly, be protected by the attorney-client privilege, a privilege which is my client's, not mine.

19. My client, Ms. Giuffre, is a "person associated with Victims Refuse Silence, Inc."

20. With waiving any privilege, any documents that might exist concerning disclosures made to me by Ms. Giuffre or consents provided to me by Ms. Giuffre would involve confidential attorney-client communications.

21. I have been working on the CVRA case since July 2008. That case clearly "relates" to Jeffrey Epstein, since the main issue in the case is challenging the legality of a non-prosecution agreement entered into by him and the Government without prior notice to Epstein's victims.

22. Between July 2008 and today, I estimate that I have received, at a minimum, more than 150,000 emails, and have sent, at a minimum, 60,000 emails.

23. It would be significantly burdensome for me to have to review all of my emails to try and identify if I have had any "communications" with (for example) "journalists" that "related to" Virginia Giuffre, Ghislaine Maxwell, or Jeffrey Epstein. It is not possible, on quick examination, to determine who is a journalist and who is not a journalist. Moreover, because the CVRA case has continued for nearly eight years, more than 200,000 emails would have to be reviewed in multiple files for the relevant time period. I would then have to determine which of the emails were covered by, for example, work-product protection. A substantial burden would be involved in attempting to respond to the broad request for the subpoena, which would require numerous attorneys and staff to work countless hours to attempt to respond, and this too would likely prove to be impossible.

24. Because I am attorney in the *Giuffre v. Maxwell* case, I have had occasion to come into contact with both witnesses and potential witnesses in the case. For example, I

5

have obviously had contact with my client in the case, Ms. Giuffre.  I have also had contact with other "potential witnesses" – since there are many potential witnesses in the case.

DATED this 13th day of June, 2016.

By:  /s/ Bradley J. Edwards

## CERTIFICATE OF SERVICE

   I certify that on June 13, 2016, I electrically served the foregoing pleading via e-mail on:

Laura A. Menninger
Jeffrey S. Pagliuca
Haddon, Morgan and Foreman, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone: (303) 831-7364
Fax: (303) 832-2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*