**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------------------------X
                                                 :
VIRGINIA L. GIUFFRE,                             :
                                                 :
        Plaintiff,                               :
                                                 :
v.                                               :
                                                 :          15-cv-07433-RWS
GHISLAINE MAXWELL,                               :
                                                 :
        Defendant.                               :
                                                 :
                                                 :
-------------------------------------------------X
```

**DEFENDANT GHISLAINE MAXWELL'S RESPONSES AND OBJECTIONS TO**
**PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

      Defendant Ghislaine Maxwell, by and through her undersigned counsel, hereby responds to Plaintiff's Second Request for Production of Documents (the "Requests").

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

      1.     This response is made to the best of Ms. Maxwell's present knowledge, information and belief. Ms. Maxwell, through her attorneys of record, have not completed the investigation of the facts relating to this case, have not completed discovery in this action, and have not completed preparation for trial. Ms. Maxwell's responses to Plaintiff's requests are based on information currently known to her and are given without waiving Ms. Maxwell's right to use evidence of any subsequently discovered or identified facts, documents or communications.  Ms. Maxwell reserves the right to supplement this Response in accordance with Fed. R. Civ. P. 26(e).

      2.     Ms. Maxwell objects to the Requests to the extent they attempt to impose any requirement or discovery obligation greater than or different from those under the Federal Rules of Civil Procedure, the local rules of this Court or any Orders of the Court.

      3.     Ms. Maxwell objects to the Requests to the extent they seek documents or information protected by the attorney/client privilege, the work-product doctrine, Rule 408 of the Federal Rules of Evidence, any common interest privilege, joint defense agreement or any other applicable privilege.

      4.     Ms. Maxwell objects to the Requests to the extent they seek documents or information outside of Ms. Maxwell's possession, custody or control.

5.     Ms. Maxwell objects to the Requests to the extent they seek information which is not relevant to the subject matter of the litigation and/or is not reasonably calculated to lead to the discovery of admissible evidence.

6.     Ms. Maxwell objects to the Requests to the extent they are overly broad, unduly burdensome and/or propounded for the improper purpose of annoying, embarrassing, or harassing Ms. Maxwell.

7.     Ms. Maxwell objects to the Requests to the extent they are vague and ambiguous, or imprecise.

8.     Ms. Maxwell objects to the Requests to the extent they seek information that is confidential and implicates Ms. Maxwell's privacy interests.

9.     Ms. Maxwell incorporates by reference every general objection set forth above into each specific response set forth below.  A specific response may repeat a general objection for emphasis or for some other reason.  The failure to include any general objection in any specific response does not waive any general objection to that request.

10.     The Requests seek information that is confidential and implicates Ms. Maxwell's privacy interests.  To the extent such information is relevant and discoverable in this action, Ms. Maxwell will produce such materials subject to an appropriate protective order pursuant to Fed. R. Civ. P. 26(c) limiting their dissemination to the attorneys and their employees.

## OBJECTIONS TO DEFINITIONS

11.     Ms. Maxwell objects to Definition No. 1 regarding "Agent" to the extent that it purports to extend the meaning beyond those permissible by law.

12.     Ms. Maxwell objects to Definition No. 3 regarding "Defendant."  The Definition is overly broad and unduly burdensome to the extent it attempts to extend the scope of the Requests to documents in the possession, custody or control of individuals other than Ms. Maxwell or her counsel.

13.     Ms. Maxwell objects to Definition No. 5 regarding "Employee."  Ms. Maxwell is an individual, sued in an individual capacity, and therefore there is no "past or present officer, director, agent or servant" of hers.  Additionally, "attorneys" and "paralegals" are not "employees" of Ms. Maxwell given that she herself is not an attorney and therefore cannot "employ" attorneys.

14.     Ms. Maxwell objects to Definition No. 10 regarding "You" or "Your."  The Definition is overly broad and unduly burdensome to the extent it attempts to extend the scope of the Requests to documents in the possession, custody or control of individuals other than Ms. Maxwell or her counsel.

2

## OBJECTIONS TO INSTRUCTIONS

15.     Ms. Maxwell objects to Instruction No. 1, in particular the definition of the "Relevant Period" to include July 1999 to the present, on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  The Complaint at paragraph 9 purports to describe events pertaining to Plaintiff and Defendant occurring in the years 1999 – 2002.  The Complaint also references statements attributed to Ms. Maxwell occurring in January 2015.  Defining the "Relevant Period" as "July 1999 to the present" is vastly overbroad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence, and as to certain of the Requests, is intended for the improper purpose of annoying or harassing Ms. Maxwell and it implicates her privacy rights.  Thus, Ms. Maxwell interprets the Relevant Period to be limited to 1999-2002 and December 30, 2014 - January 31, 2015, except to the extent that any the answers "relate to any activity of defendant with respect to the practice which has been alleged and the duties alleged to be performed by Defendant, 'activities' being defined as sexual abuse or trafficking of any female," in which case her answers reflect the period 2000-today.  Ms. Maxwell specifically objects to production of any documents outside that period, except as specifically noted.

16.     Ms. Maxwell objects to Instruction No. 3 on the grounds that it is unduly burdensome and is intended for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell cannot possibly recall the specific disposition of documents, particularly electronic documents, dating back over 16 years.  However, Ms. Maxwell, prior to this litigation has long had a practice of deleting emails after they have been read.

17.     Ms. Maxwell objects to Instruction Nos. 5, 8, 9, 12, 17 to the extent they seek to impose obligations to supply explanations for the presence or absence of such documents, to specifically identify persons or documents, to provide information concerning who prepared documents, the location of any copies of such documents, the identities and contact information for persons who have custody or control of such documents, the reasons for inability to produce portions of documents, and the "natural person in whose possession they were found," beyond the requirements of Rule 34.  This Instruction improperly seeks to propound Interrogatories pursuant to Rule 33.

18.     Ms. Maxwell objects to Instructions No. 13 on the grounds that it is unduly burdensome and is intended for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell cannot possibly recall the specific circumstances upon which a document dating back 16 years has ceased to exist.

19.     Ms. Maxwell objects to Instruction No. 15 to the extent that it calls for documents or information protected by the attorney/client privilege, the work-product doctrine, or any other applicable privilege.

20.     Ms. Maxwell objects to Instruction Nos. 18 & 19 to the extent they require information on any privilege log above and beyond the requirements of Local Civil Rule 26.2.

**SPECIFIC OBJECTIONS AND RESPONSES TO PLAINTIFF'S SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS**

**DOCUMENT REQUEST NO. 1**

Produce all documents that Your attorneys reviewed and/or relied upon in the March 21, 2016, meet and confer discussion when Mr. Pagliuca stated that (1) Plaintiff made false allegations concerning her sexual assault; (2) she made them in roughly the same time frame that Plaintiff was abused by Jeffrey Epstein; (3) that the allegations were made against a number of individuals in the area; and (4) that the allegations were found to be unfounded by local police.

**RESPONSE:** Ms. Maxwell has no knowledge of any statements made by Mr. Pagliuca during the March 21, 2016 meet and confer and hence has no documents responsive to this Request. Further, this Request inaccurately characterizes the statements of Ms. Maxwell's counsel during the March 16, 2016 meet and confer.

Ms. Maxwell further objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege.

Ms. Maxwell also objects to this Request to the extent it calls for information relating to Virginia Roberts Giuffre that exists within the public domain, the internet or in public court records and which are equally available to both parties and can be obtained from some other source that is more convenient, less burdensome, and less expensive. Subject to and without waiver of the foregoing, Defendant refers to the public documents and news reports regarding Plaintiff's allegations of sexual abuse and investigation of the same, which have been previously produced, are available in the public domain, or referenced in court papers. Defendant also refers Plaintiff to documents within the possession, custody and control of Plaintiff and her counsel, including without limitation Mr. Bradley Edwards, which were requested in Defendant's First Set of Discovery Requests, but were not produced despite certification of Plaintiff and Plaintiff's counsel that such Responses were truthful and complete.

Without waiver of any such objections, Ms. Maxwell has made available documents related to some of Ms. Giuffre's false allegations of sexual assaults in her Second Supplemental Fed. R. Civ. P. 26(a)(1)(A) disclosures.

**DOCUMENT REQUEST NO. 2**

Produce all documents concerning how any such police report, or how any such recounting, retelling, summary, or description of any such police report (as referenced in Interrogatory No. 1), came into Your possession. This request includes, but is not limited to, all documents concerning how, when, and by whom such reports (or descriptions of reports) were obtained from a minor child's sealed juvenile records and files.

**RESPONSE:** Ms. Maxwell objects to this Request in that there is no "Interrogatory No. 1" to which the Request corresponds. She further objects to the Request in that it improperly seeks to propound an Interrogatory in the form of a Request for Production of Documents and is

a contention Interrogatory barred according to Plaintiff's interpretation of the Local Rules.  The Request embeds a number of assumptions that are not true and for which Plaintiff supplies no basis for assertion of their veracity.

Ms. Maxwell likewise objects to this Request because it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege.

Finally, Ms. Maxwell also objects to this Request to the extent it calls for information relating to Virginia Roberts Giuffre that exists within the public domain, the internet or in public court records and which are equally available to both parties and can be obtained from some other source that is more convenient, less burdensome, and less expensive.  Defendant refers to the public documents and news reports regarding Plaintiff's allegations of sexual abuse and investigation of the same, which have been previously produced, are available in the public domain, or referenced in court papers. Defendant also refers Plaintiff to documents within the possession, custody and control of Plaintiff and her counsel, including without limitation Mr. Bradley Edwards, which were requested in Defendant's First Set of Discovery Requests, but were not produced despite certification of Plaintiff and Plaintiff's counsel that such Responses were truthful and complete.

Without waiver of any such objections, Ms. Maxwell has made available documents related to some of Ms. Giuffre's false allegations of sexual assaults in her Second Supplemental Fed. R. Civ. P. 26(a)(1)(A) disclosures.  Ms. Maxwell is withholding documents responsive to this request on the basis of the attorney-client and work product privileges.

## DOCUMENT REQUEST NO. 3

Produce all documents concerning how information or knowledge of the local police's findings or opinions concerning Ms. Giuffre's allegations of sexual assault as a minor child came into Your possession, including but not limited to documents concerning any statements made by law enforcement or any state attorney, written or oral, concerning such allegations.

**RESPONSE:** Ms. Maxwell objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege.

Ms. Maxwell also objects to this Request to the extent it calls for information relating to Virginia Roberts Giuffre that exists within the public domain, the internet or in public court records and which are equally available to both parties and can be obtained from some other source that is more convenient, less burdensome, and less expensive.  Subject to and without waiver of the foregoing, Defendant refers to the public documents and news reports regarding Plaintiff's allegations of sexual abuse and investigation of the same, which have been previously produced, are available in the public domain, or referenced in court papers.  Defendant also refers Plaintiff to documents within the possession, custody and control of Plaintiff and her counsel, including without limitation Mr. Bradley Edwards, which were requested in Defendant's First Set of Discovery Requests, but were not produced despite certification of Plaintiff and Plaintiff's counsel that such Responses were truthful and complete.

Without waiver of any such objections, Ms. Maxwell has made available documents related to some of Ms. Giuffre's false allegations of sexual assaults in her Second Supplemental Fed. R. Civ. P. 26(a)(1)(A) disclosures.  Ms. Maxwell is withholding documents responsive to this request on the basis of the attorney-client and work product privileges.

## DOCUMENT REQUEST NO. 4

Produce all documents concerning any investigations, internal or otherwise, by any law enforcement or governmental agency, regarding the illegal disclosure, illegal purchase, and/or theft of sealed juvenile police records concerning Plaintiff.

**RESPONSE:**  Ms. Maxwell objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege.  Ms. Maxwell also objects to this Request to the extent it calls information relating to Virginia Roberts Giuffre that exists within the public domain, the internet or in public court records and which are equally available to both parties and can be obtained from some other source that is more convenient, less burdensome, and less expensive.  Defendant objects to this request to the extent that it characterizes the gathering of public information as "illegal."

Subject to and without waiver of the foregoing, Defendant has been unable to locate any documents responsive to this Request.

## DOCUMENT REQUEST NO. 5

Produce all documents concerning any rape, sexual assault, sexual intercourse, or other sexual encounter involving Plaintiff. This Request includes, but is not limited to, (1) any documents concerning any sexual assault of Plaintiff while a minor; (2) any police reports, or documents concerning any police reports, that were created concerning such claims of sexual assault; and (3) documents concerning any communications received by You (or Your agents or attorneys) by other individuals that reference any sexual assault of Plaintiff while a minor.

**RESPONSE:**  Ms. Maxwell objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege.

Ms. Maxwell also objects to this Request to the extent it calls for information relating to Virginia Roberts Giuffre that exists within the public domain, the internet or in public court records and which are equally available to both parties and can be obtained from some other source that is more convenient, less burdensome, and less expensive.  Subject to and without waiver of the foregoing, Defendant refers to the public documents and news reports regarding Plaintiff's false allegations of sexual abuse and investigation of the same, which have been previously produced, are available in the public domain, or referenced in court papers. Defendant also refers Plaintiff to documents within the possession, custody and control of Plaintiff and her counsel, including without limitation Mr. Bradley Edwards, which were requested in Defendant's First Set of Discovery Requests, but were not produced despite certification of Plaintiff and Plaintiff's counsel that such Responses were truthful and complete.

Defendant objects to the characterization of Plaintiff's documented false claims of sexual contact as "rape" or "sexual assault."

Without waiver of any such objections, Ms. Maxwell has made available documents related to some of Ms. Giuffre's false allegations of sexual assault in her Second Supplemental Fed. R. Civ. P. 26(a)(1)(A) disclosures.

**DOCUMENT REQUEST NO. 6**

Produce any Joint Defense Agreement entered into between You and Jeffrey Epstein from 1999 to the present.

**RESPONSE:** Ms. Maxwell objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege. Defendant is withholding production of any such agreement on the basis of such privileges.

**DOCUMENT REQUEST NO. 7**

Produce any documents concerning any Joint Defense Agreement entered into between You and Jeffrey Epstein from 1999 to the present.

**RESPONSE**: Ms. Maxwell objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege. Defendant is withholding documents on the basis of such privileges.

**DOCUMENT REQUEST NO. 8**

Produce any documents concerning any of Your, or Your attorneys or agent's, communications with Jeffrey Epstein's attorneys or agents from 1999 to the present relating to the issue of sexual abuse of females, or any documents concerning any of Your, Your attorneys or agent's, communications with Jeffrey Epstein's attorneys or agents from 1999 to the present relating to the recruitment of any female under the age of 18 for any purpose, including socializing or performing any type of work or services.

**RESPONSE**: Ms. Maxwell objects to this Request on the grounds that it is cumulative and duplicative. Ms. Maxwell has already produced documents related to her communications with Jeffrey Epstein in response to Plaintiff's First Requests for Production of Documents, all of which document her denial that she did "recruit[] any female under the age of 18 for any purpose."

Ms. Maxwell also objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege. Subject to and without waiver of the foregoing, Defendant has been unable to locate any additional documents responsive to this Request.

**DOCUMENT REQUEST NO. 9**

Produce any Joint Defense Agreement entered into between You and Alan Dershowitz from 1999 to the present.

**RESPONSE:** Ms. Maxwell objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege. Subject to and without waiver of the foregoing, Defendant has been unable to locate any documents responsive to this Request.

**DOCUMENT REQUEST NO. 10**

Produce any documents concerning any Joint Defense Agreement entered into between You and Alan Dershowitz from 1999 to the present.

**RESPONSE**: Ms. Maxwell objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege. Subject to and without waiver of the foregoing, Defendant has been unable to locate any documents responsive to this Request.

**DOCUMENT REQUEST NO. 11**

Produce any documents concerning any of Your attorneys' or agents' communications with Alan Dershowitz's attorneys or agents from 1999 to the present

**RESPONSE**: Ms. Maxwell objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege. Defendant is withholding communications between Mr. Dershowitz's counsel and Defendant's counsel which contain work product and concern joint defense or common interest matters.

**DOCUMENT REQUEST NO. 12**

Produce all documents concerning Virginia Giuffre (a/k/a Virginia Roberts), whether or not they reference her by name. This request includes, but is not limited to, all communications, diaries, journals, calendars, blog posts (whether published or not), notes (handwritten or not), memoranda, mobile phone agreements, wire transfer receipts, or any other document that concerns Plaintiff in any way, whether or not they reference her by name.

**RESPONSE:** Ms. Maxwell objects to this Request as overly broad, unduly burdensome and interposed for improper purposes. Response to this Request would literally entail defense counsel reviewing for privilege every single document in their possession related to this case.

Ms. Maxwell further objects to this Request on the grounds that it is cumulative and duplicative. Ms. Maxwell further objects to this request as exceeding the scope of this Court's March 17, 2016 Order. Ms. Maxwell also objects to this Request to the extent it calls for information relating to Virginia Roberts Giuffre that exists within the public domain, the internet

or in public court records and which are equally available to both parties and can be obtained from some other source that is more convenient, less burdensome, and less expensive. Ms. Maxwell further objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege. Subject to the foregoing objections, Ms. Maxwell and her counsel are not going to review every document in their possession for any additional documents responsive to this Request.

## DOCUMENT REQUEST NO. 13

Produce all contracts, including but not limited to indemnification agreements and employment agreements, between You and Jeffrey Epstein, or any entity associated with Jeffrey Epstein, from 1999 to the present.

**RESPONSE:** Ms. Maxwell objects to this Request on the grounds that it is cumulative and duplicative and is overly broad. Ms. Maxwell further objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege. Subject to and without waiver of the foregoing, Defendant has been unable to locate any such documents.

## DOCUMENT REQUEST NO. 14

Produce all documents concerning any contracts, including but not limited to indemnification agreements and employment agreements, between You and Jeffrey Epstein, or any entity associated with Jeffrey Epstein, from 1999 to the present.

**RESPONSE:** Ms. Maxwell objects to this Request on the grounds that it is cumulative and duplicative and is overly broad. Ms. Maxwell further objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege. Subject to and without waiver of the foregoing, Defendant has been unable to locate any such documents.

## DOCUMENT REQUEST NO. 15

Produce all documents concerning the identity or identities of the individual(s) or entities paying Your legal fees concerning the above-captioned action, and all documents concerning the identity or identities of the individual(s) or entities paying Ross Gow, or any entities associated with Ross Gow, for any work he performed on Your behalf.

**RESPONSE:** Ms. Maxwell objects to this Request on the grounds that it seeks multiple categories of documents within a single request for production. Ms. Maxwell further objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege. Ms. Maxwell is producing her engagement letter with her counsel in this action. Defendant has been unable to locate any additional documents responsive to this Request.

## DOCUMENT REQUEST NO. 16

Produce all documents concerning any action or lawsuit brought against You from 1999 to the present, including, but not limited to, actions or lawsuits brought in foreign jurisdictions.

**RESPONSE:** Ms. Maxwell objects to this Request on the grounds that it is over-broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Maxwell further objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, or any other applicable privilege. Subject to and without waiving the above objections, Ms. Maxwell has been unable to locate any documents responsive to this Request**.**

## DOCUMENT REQUEST NO. 17

Produce all documents concerning any statement made by You or on Your behalf to the press or any other group or individual, including draft statements, concerning Ms. Giuffre, by You, Ross Gow, or any other individual, from 2005 to the present, including the dates of any publications, and if published online, the Uniform Resource Identifier (URL) address.

**RESPONSE:** Ms. Maxwell objects to this Request on the grounds that it is cumulative and duplicative.  Ms. Maxwell also objects to this Request to the extent it calls for information that exists within the public domain, the internet or in public court records and which are equally available to both parties and can be obtained from some other source that is more convenient, less burdensome, and less expensive.  Ms. Maxwell further objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, or any other applicable privilege.  Ms. Maxwell is not producing documents that are available in the public domain.  Ms. Maxwell has been unable to locate any additional documents responsive to this Request.

## DOCUMENT REQUEST NO. 18

Produce all documents concerning which individuals or entities You or Your agents distributed or sent any statements concerning Ms. Giuffre referenced in Request No. 18 made by You or on Your behalf.

**RESPONSE:** Ms. Maxwell objects to this Request on the grounds that it is cumulative and duplicative.  Ms. Maxwell also objects to this Request to the extent it calls for information that exists within the public domain, the internet or in public court records and which are equally available to both parties and can be obtained from some other source that is more convenient, less burdensome, and less expensive.  Ms. Maxwell further objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, or any other applicable privilege.  Ms. Maxwell is not producing documents that are available in the public domain.  Ms. Maxwell has been unable to locate any additional documents responsive to this Request.

**DOCUMENT REQUEST NO. 19** Produce all documents concerning any alleged illegal activity involving Plaintiff from the Relevant Period. This request includes, but is not limited to, any documents concerning the Roadhouse Grill in Florida.

      **RESPONSE:** Ms. Maxwell objects to this Request as vague and confusing. Ms. Maxwell is unaware of all illegal activities in which Plaintiff may have been engaged in during the stated time period, and documents concerning those activities are uniquely within Plaintiff's possession, custody and control.

      Ms. Maxwell further objects to this Request to the extent it seeks documents or information protected by the attorney/client privilege, the work-product doctrine, the common interest privilege or any other applicable privilege.

      Ms. Maxwell also objects to this Request to the extent it calls for information relating to Virginia Roberts Giuffre that exists within the public domain, the internet or in public court records and which are equally available to both parties and can be obtained from some other source that is more convenient, less burdensome, and less expensive.  Subject to and without waiver of the foregoing, Defendant refers to the public documents and news reports regarding Plaintiff's allegations of sexual abuse and investigation of the same, which have been previously produced, are available in the public domain, or referenced in court papers.  Defendant also refers Plaintiff to documents within the possession, custody and control of Plaintiff and her counsel, including without limitation Mr. Bradley Edwards, which were requested in Defendant's First Set of Discovery Requests, but were not produced despite certification of Plaintiff and Plaintiff's counsel that such Responses were truthful and complete.

      Without waiver of any such objections, Ms. Maxwell has made available documents related to some of Ms. Giuffre's contacts with law enforcement in her Second Supplemental Fed. R. Civ. P. 26(a)(1)(A) disclosures.

**DOCUMENT REQUEST NO. 20**

      Produce all documents concerning any apartment or other dwelling occupied by Plaintiff from 1999 to the present, including but not limited to, all documents concerning the acquisition of, and payment for, such dwellings. This Request includes, but is not limited to, any dwelling paid for -in whole or in part by Defendant or Jeffrey Epstein.

      **RESPONSE:**  Ms. Maxwell objects to this Request to the extent it calls for information that exists within the public domain, the internet or in public court records and which are equally available to both parties and can be obtained from some other source that is more convenient, less burdensome, and less expensive. Ms. Maxwell is not producing documents that are available in the public domain.  Ms. Maxwell is not re-producing documents already produced by her and produced by Plaintiff in this action, for example, in response to Defendant's First Set of Discovery Requests to Plaintiff which requested *inter alia* documents related to Plaintiff's residences since 1999.

      Without waiver of any such objections, Ms. Maxwell has made available documents related to some of Ms. Giuffre's dwellings in her Second Supplemental Fed. R. Civ. P.

26(a)(1)(A) disclosures.  Ms. Maxwell has been unable to locate any additional documents responsive to this Request.

## DOCUMENT REQUESTS "CONCERNING PUNITIVE DAMAGES"

### DOCUMENT REQUEST NO. 21

Produce all copies of the complaints in any lawsuits that You have filed in any court in which You seek damages or any other financial recovery from 2014 to the present.

**RESPONSE:** Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

### DOCUMENT REQUEST NO. 22

Produce all Financial Statements prepared for or submitted to any Lender or Investor for the past three years by You personally or on Your behalf or on behalf of any entity in which You hold or held a controlling interest from January 2015 to the Present.

**RESPONSE:** Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will

Defendant move for a Protective Order with regard to this Request, without further conferral.

## DOCUMENT REQUEST NO. 23

Produce all W-2s, K-1s, and any other documents reflecting any income (including salary, bonuses, dividends, profit distributions, royalties, advances, annuities, and any other form of income), including all gross and net revenue received by You directly or indirectly from January 2015 to the present.

**RESPONSE:** Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

## DOCUMENT REQUEST NO. 24

Produce all tax returns filed with any taxing entity (either foreign or domestic) from January 2015 to the present by You or on Your behalf, or on behalf of any entity in which You hold or held a controlling interest at the time of filing.

**RESPONSE:** Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

## DOCUMENT REQUEST NO. 25

Produce all bank statements or other financial statements which were prepared by You, on Your behalf or by or on behalf of any entity in which You held an ownership interest of 10% or more at any time from January 2015 to the present.

**RESPONSE:** Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

## DOCUMENT REQUEST NO. 26

Produce all deeds and titles to all real property owned by You or held on Your behalf either directly or indirectly at any time from January 2015 to the present.

**RESPONSE:** Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

## DOCUMENT REQUEST NO. 27

Produce all passbooks (or other documents showing account balances) with respect to all savings accounts, checking accounts, and savings and loan association share accounts owned by

You or on which You hold a right or have held a right to withdraw funds at any time from January 2015 to the present.

**RESPONSE:** Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

## DOCUMENT REQUEST NO. 28

Produce all passbooks (or other documents showing account balances) with respect to all savings accounts, checking accounts and savings loan association share accounts, owned by You in whole or in party jointly as co-owner, partner, or joint venture, in any business enterprise, or owned by an entity in which You have or have had a controlling interest at any time from January 2015 to the present.

**RESPONSE:** Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

## DOCUMENT REQUEST NO. 29

Produce all bank ledger sheets (from the internet or otherwise) concerning all bank accounts in which You have a right to withdraw funds, reflecting the highest balance in said

accounts from January 2015 to the present. .

**RESPONSE:**  Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

## DOCUMENT REQUEST NO. 30

Produce all bank ledger sheets (from the internet or otherwise) concerning all bank accounts owned by You solely, or jointly as co-owner, partner, or joint venture, in any business enterprise, or any entity in which You have or have had a controlling interest from January 2015 to the present, reflecting het highest balance in said accounts for each month from January 2015 to the present.

**RESPONSE:**  Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

## DOCUMENT REQUEST NO. 31

Produce all checkbooks for all accounts on which You were authorized to withdraw funds from January 2015 to the present.

**RESPONSE:** Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

## DOCUMENT REQUEST NO. 32

Produce the 2015 and 2016 balance sheets and other financial statements with respect to any and all business enterprises of whatever nature (including not-for-profit enterprises), either foreign or domestic, in which You possess any ownership interest of 10% or more, whether a partner, joint venture, stockholder, or otherwise.

**RESPONSE:** Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence. Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell. Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

## DOCUMENT REQUEST NO. 33

Produce all corporate securities (stocks or bonds), foreign or domestic, directly or indirectly held by You, or held on Your behalf or for Your benefit by another individual or entity, including trusts from January 2015 to the Present.

**RESPONSE:** Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this

action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

## DOCUMENT REQUEST NO. 34

Produce all accounts receivable ledgers or other records which set forth the names and addresses of all persons or business enterprises that are indebted to You and the amounts and terms of such indebtedness from August 2016 to the Present.

**RESPONSE:** Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

## DOCUMENT REQUEST NO. 35

Produce all copies of the partnership or corporation Income Tax Returns for any partnership or corporation, either foreign or domestic, in which You do possess or have possessed any ownership interest of 4% or more whether as partner, joint venture, stockholder or otherwise, from 2014 to the present.

**RESPONSE:** Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of

annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

## DOCUMENT REQUEST NO. 36

Produce all title certificates, registration certificates, bills of sale, and other evidences of ownership possessed by You or held for Your beneficial interest with respect to any of the following described property owned by You or held directly or indirectly for Your beneficial interest from January 2015 to the present:

a. Motor vehicles of any type, including trucks, other automobiles, and two or three-wheeled vehicles (motorcycles, ATV, etc.).

b. Aircraft of any type, including jets, propeller planes, and helicopters

c. Boats, launches, cruisers, sailboats, or other vessels of any type

d. Real estate and real property

**RESPONSE:**  Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

## DOCUMENT REQUEST NO. 37

From January 2012 to the present, produce all documents concerning any source of funding for the TarraMar Project or any other not-for-profit entities with which You are

associated, including but not limited to, funding received from the Clinton Global Initiative, the Clinton Foundation (a/k/a William J. Clinton Foundation, a/k/a/ the Bill, Hilary & Chelsea Clinton Foundation), and the Clinton Foundation Climate Change Initiative.

**RESPONSE:**  Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

## DOCUMENT REQUEST NO. 38

Produce all memoranda and/or bills evidencing the amount and terms of all of Your current debts and obligations that exist presently.

**RESPONSE:**  Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

## DOCUMENT REQUEST NO. 39

Produce all records indicating any and all income (whether taxable or not) received by You from all sources from January 2015 to the present.

**RESPONSE:**  Ms. Maxwell objects to this Request on the grounds that it is overly broad

and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

## DOCUMENT REQUEST NO. 40

Produce all copies of any and all brokerage account statements or securities owned by You individually, jointly with any person or entity or as trustee, guardian or custodian, from January 2015 to the present, including in such records date of purchase and amounts paid for such securities, and certificates of any such securities.

**RESPONSE:**  Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

## DOCUMENT REQUEST NO. 41

Produce all records pertaining to the acquisition, transfer and sale of all securities by You or on Your behalf from January 2015 to the present, such records to include any and all information relative to gains or losses realized from transactions involving such securities.

**RESPONSE:**  Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms.

Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

## DOCUMENT REQUEST NO. 42

Produce all policies of insurance having any cash value that exist or existed from January 2015 to the present, which policies You or any entity controlled by You is the owner or beneficiary.

**RESPONSE:**  Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

## UN-NUMBERED REQUEST

Produce all copies of any and all trust agreements that exist or existed from January 2015 to the present in which You are the settlor or beneficiary together with such documents necessary and sufficient to identify the nature and current value of the trust.

**RESPONSE:**  Ms. Maxwell objects to this Request on the grounds that it is overly broad and unduly burdensome and calls for the production of documents that are irrelevant to this action and not reasonably calculated to lead to the discovery of admissible evidence.  Ms. Maxwell objects to this Request on the grounds that it is propounded for the improper purpose of annoying or harassing Ms. Maxwell.  Ms. Maxwell's personal financial information is not at issue in this matter and information relating thereto is irrelevant.

Ms. Maxwell intends to move for a Protective Order regarding her personal financial information and is refusing to respond and is withholding documents under the category of "Document Requests Concerning Punitive Damages" until the motion is resolved.

Based on the May 16, 2016 conferral, counsel for Plaintiff has agreed to hold this Request in abeyance pending either a finding of liability or resolution of dispositive motions. Plaintiff's counsel will not file a Motion to Compel a Response to this Request, nor will Defendant move for a Protective Order with regard to this Request, without further conferral.

Dated:  May 16, 2016

Respectfully submitted,

*s/Laura A.Menninger*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:       303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on May 16, 2016, I served the attached document DEFENDANT GHISLAINE MAXWELL'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS via email to the following counsel of record:

Sigrid S. McCawley
Meridith Schultz
BOIES, SCHILLER & FLEXNER, LLP
401 East Las Olas Boulevard, Ste. 1200
Ft. Lauderdale, FL 33301
smccawley@bsfllp.com
mschultz@bsfllp.com

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

Bradley J. Edwards
FARMER, JAFFE, WEISSING, EDWARDS,
FISTOS & LEHRMAN, P.L.
425 North Andrews Ave., Ste. 2
Ft. Lauderdale, FL 33301
brad@pathtojustice.com

*s/ Laura A. Menninger*
Laura A. Menninger

24