# EXHIBIT B

IN THE CIRCUIT COURT OF THE
SEVENTEENTH JUDICIAL CIRCUIT, IN
AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE 15-000072

BRADLEY J. EDWARDS and PAUL G.
CASSELL,

       Plaintiffs,

vs.

ALAN M. DERSHOWITZ,

       Defendants.

_____/

## PLAINTIFFS, BRADLEY J. EDWARDS AND PAUL CASSELL'S MOTION FOR SUMMARY JUDGMENT ON LIABILITY

Plaintiffs, Bradley J. Edwards, Esq. and Paul G. Cassell, Esq., by and through their undersigned counsel and pursuant to Rule 1.510, Florida Rules of Civil Procedure, hereby move for (1) partial summary judgment on the issue of the false and defamatory nature of the statements at issue in this defamation case, as well to the presumed damages from those statements, with respect to both of claims against the Defendant, Alan Dershowitz, and (2) final summary judgment as to Dershowitz's First Amended Counterclaim against them, and in support thereof state as follows:

## I.    INTRODUCTION

As the Court is well aware, this case involves a defamation action filed by two attorneys: Edwards and Cassell. They contend that the defendant, Alan Dershowitz, defamed them by repeatedly claiming in worldwide media broadcasts and other widely-disseminated statements that they had engaged in conspiring with their client to make up sexual abuse allegations against Dershowitz. The pleadings and discovery taken to date show that there is no genuine issue as to

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 2 of 20

any material fact that these statements were false and defamatory. Moreover, Edwards and

Cassell are entitled to litigation privilege for the statements they filed in court on behalf of their

client. Accordingly, Edwards and Cassell are entitled to partial summary judgment on their

complaint and final summary judgment on Dershowitz's First Amended Counterclaim.

With regard to their complaint, Edwards and Cassell are entitled to partial summary

judgment on the specific issue of the false and defamatory nature of the statements made against

them. They have provided ample evidence that they had a powerful basis for believing their

client's sexual abuse allegations – and were accordingly justified in filing a legal document on

their client's behalf which contained those allegations. As a result, the undisputed record

evidence establishes that Dershowitz waged a baseless international media assault on the

honesty, integrity, and professionalism of Edwards and Cassell. In particular, Dershowitz went

so far as to repeatedly accuse Edwards and Cassell of criminal misconduct in actively suborning

perjury and fabricating the allegations of misconduct against him – acts that would warrant their

disbarment from the legal profession. The undisputed record evidence supports the conclusion

that Edwards and Cassell reasonably believed the sexual assault allegations against Dershowitz

to be true, which is all that is required for the court to enter partial summary judgment here. Put

simply, Dershowitz has made highly defamatory allegations that have no basis in fact. Indeed,

his lawsuit was merely a desperate measure by a child abuser to avoid the stigma of the

disclosure of his misconduct. Dershowitz's charges against Edwards and Cassell were and are

nothing short of a far-fetched fictional fairy-tale – a preposterous claim lacking any factual

Edwards, Bradley vs. Dershowitz
Case No.:  CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 3 of 20

support.  And the statements that he made attack the chosen profession of Edwards and Cassell –

the practice of law – and therefore carry with them a presumption of damages suffered.

Accordingly, the court should grant plaintiffs' motion for partial summary judgment on the

issues of the false and defamatory nature of Dershowitz's statements, as well as the issue of the

presumed damages that flowed from those statements.

    With regard to the First Amended Counterclaim, the undisputed material facts establish

that Dershowitz's counterclaims against the Plaintiffs are barred by the absolute litigation

privilege.   The conduct of the attorneys Edwards and Cassell that forms the basis for

Dershowitz's counterclaim for defamation is nothing more than filing a well-founded motion in

pending federal court proceedings on behalf of pro bono clients.  In his recent deposition,

Dershowitz has conceded that the allegations were relevant to the federal court proceedings.  As

a result, that filing is indisputably protected by Florida's broad and absolute litigation privilege.

Consequently, plaintiffs' motion for summary judgment as it relates to the pending counterclaim

against them should also be granted.

## **ARGUMENT**

II.    **EDWARDS AND CASSELL ARE ENTITLED TO PARTIAL SUMMARY JUDGMENT ON THE PENDING PRIMARY CLAIM BECAUSE THERE ARE NO MATERIAL DISPUTED FACTS AND THE UNDISPUTED FACTS ESTABLISH THAT DERSHOWITZ REPEATEDLY BROADCAST FALSE AND DEFAMATORY STATEMENTS ABOUT THEM.**

A.    **The Summary Judgment Standard.**

Rule 1.510(c), Florida Rules of Civil Procedure, provides that a court may enter summary

3

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 4 of 20

judgment when the pleadings, depositions and factual showings reveal that there is no genuine
issue of material fact and that the moving party is entitled to judgment as a matter of law. *See
Snyder v. Cheezem Development Corp.,* 373 So. 2d 719, 720 (Fla. 2d DCA 1979); Rule 1.510(c),
Fla. R. Civ. P. Once the moving party conclusively establishes that the nonmoving party cannot
prevail, it is incumbent on the nonmoving party to submit evidence to rebut the motion for
summary judgment. *See Holl v. Talcott,* 191 So. 2d 40, 43 (Fla. 1966). It is not enough for the
opposing party merely to assert that an issue of fact does exist. *Fisel v. Wynns,* 667 So.2d 761, 764
(Fla.1996); *Landers v. Milton,* 370 So.2d 368, 370 (Fla.1979) (same).

Moreover, it is well-recognized that the non-moving party faced with a summary judgment
motion supported by appropriate proof may not rely on bare, conclusory assertions found in the
pleadings to create an issue and thus avoid summary judgment. Instead, the party must produce
counter-evidence establishing a genuine issue of material fact. *See Bryant v. Shands Teaching
Hospital and Clinics, Inc.,* 479 So.2d 165, 168 (Fla. 1st Dist. Ct. App. 1985); *see also Lanzner v.
City of North Miami Beach,* 141 So.2d 626 (Fla. 3d Dist Ct. App. 1962) (recognizing that mere
contrary allegations of complaint were not sufficient to preclude summary judgment on basis of
facts established without dispute). Where the nonmoving party fails to present evidence rebutting
the motion for summary judgment and there is no genuine issue of material fact, then entry of
judgment is proper as a matter of law. *See Davis v. Hathaway,* 408 So. 2d 688, 689 (Fla. 2d Dist.
Ct. App. 1982); *see also Holl,* 191 So. 2d at 43.

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 5 of 20

### B. Dershowitz's Statements Concerning Edwards and Cassell Were False and Defamatory and Have Absolutely No Factual Basis.

In support of this motion, Edwards and Cassell incorporate each of the attached Exhibits -- notably including attached Exhibit 1, which is a summary of some of the most important evidence; Exhibit 2, which is a sworn affidavit from their client, Ms. Giuffre; and Exhibit 3, which is deposition testimony from Cassell. These extensive materials establish the considerable support upon which Edwards and Cassell relied to file allegations on behalf of their client, Ms. Virginia Roberts Giuffre. Nevertheless, this is not a complicated case for granting partial summary judgment. To the contrary, this is a simple case for partial summary judgment because each and every one of Dershowitz's verbal attacks against Edwards and Cassell lacks any merit whatsoever and is defamatory per se.

Of course, one element that a defamation plaintiff must establish under Florida law is an "unprivileged publication (to a third party) of a false and defamatory statement concerning another." *Mile Marker, Inc. v. Petersen Publishing, L.L.C.*, 811 So.2d 841, 845 (Fla. Dist. Ct. App. 4th 2002). Another element that a defamation plaintiff must establish is damage to the person that ensued from the publication of the false or defamatory statement. *Id.*

While Edwards and Cassell are entitled to summary judgment on other aspects of their claims, in this pleading it is only these two elements on which Edwards and Cassell are seeking summary judgment.

As the undisputed facts establish, Cassell and Edwards received a well-founded allegation that Dershowitz had sexually abused Ms. Roberts. They then filed those allegations --

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 6 of 20

on her behalf – in a pending case where those allegations were pertinent.   Dershowitz then went on a worldwide media rampage, claiming that the allegations were so unsupported that, by merely filing them in court for their client, Edwards and Cassell's demonstrated that they lacked fitness to engage in their chosen profession: the practice of law.   Dershowitz's allegations are clearly and indisputably false, as established below.

And it takes no real effort to understand that Dershowitz's statements (recounted in Exhibit #1 and elsewhere) are obviously and indisputably defamatory.   Dershowitz had repeatedly said, for example, the Edwards and Cassell have conspired to create false charges against him and should be disbarred.   Because these defamatory statements involve the conduct of two attorneys in their chosen profession, Dershowitz had committed defamation per se and damage is presumed.   It is well settled in Florida that defamation "is actionable per se is, without a showing of special damage-if it imputes to another . . . conduct, characteristics, or a condition incompatible with the proper exercise of his lawful business, trade, profession, or office . . . ." *Campbell v. Jacksonville Kennel Club*, 66 So. 2ed 495, 497 (Fla. 1953) (*citing* Restatement, Torts, Section 570).

Because this case involves defamation per se, "liability itself creates a conclusive legal presumption of loss or damage. Therefore a finding of liability for [defamation] per se, coupled with an express finding that the [defamation] was intended to injure plaintiff and did in fact cause injury, authorizes the jury to consider and assess punitive damages without any finding of a specific amount of compensatory damages." *Lawnwood Med. Ctr., Inc. v. Sadow*, 43 So. 3d

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 7 of 20

710, 729 (Fla. 4th DCA 2010). Accordingly, for purposes of summary judgment, there need be no record evidence of any specific loss attributable to Dershowitz's tortious conduct. Edwards and Cassell are automatically entitled to summary judgment on that aspect of their claim.

## THE RECORD EVIDENCE

In light of the foregoing principles, three kinds of evidence are relevant to Edwards and Cassell's motion for partial summary judgment. First, Edwards and Cassell must establish the absence of any dispute that their profession is the legal profession. Second, Edwards and Cassell must establish the absence of any dispute that Dershowitz has imputed conduct inconsistent with the proper exercise of their legal duties. And third, Edwards and Cassell must establish the absence of any dispute that Dershowitz's statements were false and defamatory. Ample and unrebutted evidence supports each of these three points, which is summarized in the accompanying video presentation (Exhibit #1), the contents of which are incorporated herein by reference.

*Edwards and Cassell's Chosen Profession is the Law*

Edwards and Cassell are both attorneys. In answering the complaint, Dershowitz appears to concede this fact. *See* Defendant Dershowitz's Answer to Complaint at ¶¶ 2-6 (conceding Cassell is counsel in a Florida victims' rights case and has held other legal positions); *id.* at ¶¶ 6-10 (conceding the same as to Edwards).

Mr. Edwards has established by affidavit (*see* Exhibit #14) that he is a named partner in the law firm of Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman and a Board Certified Civil

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 8 of 20

Trial Attorney.  He has tried more than 75 jury trials.  He has been profiled in The Best Lawyers in America, recognized by the National Trial Lawyers Association's "Top 40 Under 40," and by the National Academy of Personal Injury Attorney's "Top 10 Under 40."  In 2015 the National Association of Distinguished Counsel selected Mr. Edwards as one of the nation's "Top One Percent."  Mr. Edwards is rated AV by his professional peers through the *Martindale-Hubbell* © Peer Review Rating system.  Before entering private practice, Mr. Edwards was a trial attorney at the Broward County State Attorney's Office, prosecuting many violent criminals.  In his private practice, he has handled numerous cases on behalf of victims of sexual abuse and other crimes, including a number of pro bono cases.

Professor Paul G. Cassell has established by affidavit (*see* Exhibit #15) that he is the Ronald N. Boyce Presidential Professor of Criminal Law at the S.J. Quinney College of Law at the University of Utah.  He graduated from Stanford Law School, where he served as President of the *Stanford Law Review*. He clerked for then-Judge Antonin Scalia when Scalia was on the U.S. Court of Appeals for the D.C. Circuit and then for the Chief Justice of the United States, Warren Burger. Cassell then served as an Associate Deputy Attorney General with the U.S. Justice Department and as an Assistant U.S. Attorney for the Eastern District of Virginia. Cassell then joined the faculty at the College of Law, where he taught full time until he was sworn in as a U.S. District Court Judge for the District of Utah in 2002. In 2007, he resigned his judgeship to return full time to the College of Law, to teach, write, and litigate on issues relating to crime victims' rights.  He is a co-author of the law school casebook, *Victims in Criminal Procedure*

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 9 of 20

(Carolina Academic Press 3d ed. 2010). Cassell has handled pro bono numerous Crime Victims'

Rights Act cases in district and appellate courts across the country, including a recent pro bono

case he argued to the U.S. Supreme Court for a crime victim (*Paroline v. U.S.*). He is a member

in good standing of the Utah bar and handles legal cases on a paid and pro bono basis in Utah

and elsewhere.

*Dershowitz Has Made Defamatory Statements Alleging Conduct Incompatible with Proper*
*Exercise of Edwards and Cassell's Profession.*

As established beyond dispute from reviewing the first few video clips in the attached

presentation, Dershowitz has defamed Edwards and Cassell by repeatedly alleging "conduct,

characteristics, or a condition incompatible with the proper exercise of [Edwards and Cassell's]

lawful business, trade, and profession." Among other things, Dershowitz alleged that Edwards

and Cassell failed to minimally investigate the allegations they advanced on behalf of their client

and even that they sat down with her to contrive the allegations. The attached video clips

provide some illustrations of the assault on the Plaintiffs' professional fitness, but other

statements Dershowitz has made in prominent national and international media including equally

disparaging false statements:

> "[Edwards and Cassell] are lying deliberately, and I will not stop until they're
> disbarred . . . ."
> *New York Times* – January 3, 2015
>
> "[Edwards and Cassell] manipulated a young, suggestible woman who was
> interested in money. This is a disbarable offense, and they will be
> disbarred. They will rue the day they ever made this false charge against me."
> *Miami Herald* – January 3, 2015

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 10 of 20

"They [Edwards and Cassell] are lying deliberately, and I will not stop until they're disbarred,"
*Boston Globe* – January 4, 2015

"If they [Cassell and Edwards] had just done an hours' worth of work, they would have seen she is lying through her teeth. . . . They're prepared to lie, cheat, and steal. These are unethical lawyers. This is Professor Cassell who shouldn't be allowed near a student. . . . He is essentially a crook. He is essentially somebody who's distorted the legal system. . . . Why would he charge a person with a sterling reputation for 50 years on the basis of the word alone of a woman who is serial liar. . . If they just checked the records, they could have known from themselves that she was lying about me. . . . So we can prove it without any doubt. That's what's so absurd. That's what's so strange why two experienced lawyers would file this kind of statement knowing it was untrue. These [Cassell and Edwards] are virtually the equivalent of perjurers and they have to be taken out of the legal profession. They can't be allowed to have a bar card to victimize more innocent people."
*Hala Gorani – CNN Live* (Jan. 5, 2015)

"There was no contact, no contact whatsoever. And I will prove it conclusively, and then I will bring disciplinary charges and prove that these lawyers knew that this was false, could easily have checked, and didn't. And the end result will be that these lawyers will be disbarred."
*Vice News* – January 5, 2015

So they [Edwards and Cassell] and the woman got together and contrived and made this up. They have been talking to the woman for years. She never alleged me before. She never made any mention. Many of the others were mentioned before. First time my name was mentioned was a week ago. . . . I've never seen two lawyers like Paul Cassell and Brad Edwards engage in such unethical, disbarrable      conduct. And I am accusing them on your show of unethical conduct."
*CNN Tonight* – Jan. 5, 2015.

"Dershowitz told Reuters Monday that he would file a defamation lawsuit based on the lawyers' public statements about the case. He also plans to file complaints with their respective states' disciplinary boards asking that they be disbarred."
*Reuters* – January 7, 2015

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 11 of 20

> They will be proved – all of them [i.e., Cassell, Edwards, and Jane Doe No. 3] – to be categorically lying and making up this story.  And it will be a terrible thing for rape victims.  They have put rape victims in a terrible position.  Because when I unequivocally that they sat down and made this all up, tragically it will hurt all rape victims. . . The lawyers are lying through their teeth when they say I've refused to be deposed. . . . We [Epstein and Dershowitz] had an academic relationship.  I was never in the presence of a single, young, under-aged woman.  When I was with him, it was with prominent scientists, prominent academics.  And they're just – again – lying about this
> *Today Show* – Jan. 22, 2015.
>
> "Now, your own rules of the profession, which I read coming in this morning, include as a professional I will always avoid personal criticism of another lawyer.  And yet these two lawyers – Brad Edwards, from, whose partner Rothstein is now in jail for 50 years for a Ponzi scheme involving the same case, and a guy named Cassell – filed this . . . allegation again me in passing without doing even the most minimal of investigation, which would have proven conclusively that I not only didn't, but couldn't have, possibly done it."
> *Speech to Dade County Bar Association*, Feb. 20, 2015.

Clearly Dershowitz has attacked Edwards and Cassell's conduct as attorneys and even their fitness to continue to be members of their respective bars.

*Dershowitz's Statements Were False*

The record evidence eliminates all doubt that Dershowitz's statements were false.  The sworn affidavit of Virginia Roberts Giuffre (identified previously as Jane Doe #3), attached and incorporated herein as Exhibit #2, unequivocally contradicts Alan Dershowitz's protestations of innocence and his malicious statements made against Edwards and Cassell.   However, Dershowitz has denied the accuracy of Ms. Giuffre's charges against him.   While at trial, Dershowitz will be proven to be a liar, at this stage summary judgment could not be granted if the truthfulness of Ms. Giuffre's charges were a material element of the claims on which

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 12 of 20

Edwards and Cassell are seeking summary judgment.   But while Edwards and Cassell will establish the truthfulness of Ms. Giuffre's charges at trial, this is not an issue that the court need reach to before granting the summary judgments that Edwards and Cassell seek in this pleading.

The central issue upon which Edwards and Cassell's complaint rests is not whether Ms. Giuffre's claims were true, but instead whether Dershowitz lacked any basis whatsoever to support his claims that Edwards and Cassell not only knew that her statements were false but indeed actively participated in fabricating false statements.  The record is completely devoid of evidence to support the existence of any such basis.

As to the counterclaim the central issue upon which summary judgment turns is whether the Plaintiffs'/counter-defendants' filing of Virginia Roberts Giuffre's affidavit in the Crime Victim's Rights Act cases had any reasonable relationship to the issues in that federal proceeding.  That issue has been expressly conceded by Dershowitz.

## MS. GIUFFRE'S SWORN CLAIMS

Ms. Giuffre has submitted a sworn affidavit, not only attesting to the truthfulness of her allegations against Dershowitz but also about the fact that she told her lawyers about these claims.  With regard to her allegations, Ms. Giuffre explains that:

> Harvard law professor Alan Dershowitz was around Epstein frequently. Dershowitz was so comfortable with the sex that was going on and that he observed me in sexual activity with Epstein.  I had sexual intercourse with Dershowitz at least six times. The first time was when I was about 16, early on in my servitude to Epstein, and it continued until I was 19.
> The first time we had sex took place in New York in Epstein's home. It was in Epstein's room (not the massage room). I was approximately 16 years old

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 13 of 20

    at the time. I called Dershowitz "Alan." I knew he was a famous professor. The second time that I had sex with Dershowitz was at Epstein's house in Palm Beach.
        I also had sex with Dershowitz at Epstein's Zorro Ranch in New Mexico in the massage room off of the indoor pool area, which was still being painted.
        We also had sex at Little Saint James Island in the U.S. Virgin Islands.
        Another sexual encounter between me and Dershowitz happened on Epstein's airplane. Another girl was present on the plane with us.
        I have recently seen a former Harvard law professor identified as Alan Dershowitz on television calling me a "liar." He is lying by denying that he had sex with me. That man is the same man that I had sex with at least six times.
    . . .
        Since I filed my motion in the *Jane Doe 1 and Jane 2* case, my credibility has been attacked, including attacks from Alan Dershowitz on me and on my attorneys who believed in me. I am telling the truth and will not let these attacks prevent me from exposing the truth of how I was trafficked for sex to many powerful people. These powerful people seem to think that they don't have to follow the same rules as everyone else. That is wrong.

Sworn affidavit of Virginia Giuffre (Exhibit #2), at ¶¶ 24-31, ¶ 71.

The assertions of sexual abuse are more than adequately corroborated by compelling circumstantial evidence which is detailed at length by Cassell in his deposition. However, the Court (like the jury who will ultimately hear this case) need not ever decide whether Dershowitz sexually abused Ms. Giuffre to rule in Edwards and Cassell's favor in this motion. Regardless of whether Dershowitz sexually abused Ms. Giuffre, Edwards and Cassell clearly had a good faith basis for relying on the sworn representations of their client – and Dershowitz had absolutely no basis for repeatedly asserting on numerous worldwide media platforms that Edwards and Cassell got together with their client "and contrived and made this up." In addition, Edwards and Cassell had clearly conducted extensive investigation into the basis for Ms. Giuffre's allegations – and Dershowitz absolutely had no basis for repeatedly asserting that if they "had just done an hours'

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 14 of 20

worth of work, they would have seen she is lying through her teeth." Accordingly, regardless of

what happened between Dershowitz and Ms. Giuffre inside of Jeffrey Epstein's mansions, on his

jets, and on Epstein's exclusive private island, the undisputed record evidence establishes that

Edwards and Cassell had every right following their detailed investigation to rely on Ms.

Giuffre's credibility. Even more significantly, there is no record evidence contradicting the

Plaintiffs' assertions that they did not fabricate Ms. Giuffre's sworn account of her interactions

with the defendant Dershowitz.

  The good faith basis for Edwards and Cassell's reliance on Ms. Giuffre's allegations is

laid out in detail by Professor Cassell in more than 50 pages of sworn testimony during his

deposition. *See* Depo. of Paul Cassell (Oct. 16 & 17, 2015), at 61-117 (Exhibit #3). Some of

Professor Cassell's significant testimony is included in the PowerPoint presentation included as

part of the record in support of this Motion. Cassell's testimony includes the following

information that he and Edwards relied upon in believing the truth of Giuffre's allegations:

- The Palm Beach Police Department put together an 87-page report based on witness interviews and other evidence documenting sexual abuse of dozens of minor girls occurring in Epstein's Florida mansion – a location where Ms. Giuffre said Dershowitz had abused her (see Exhibit #4);

- The Palm Beach police report showed the sexual abuse was occurring on a daily basis and, indeed, in some cases as much as two or three times in one day in circumstances that would have made it obvious to a visiting guest that young girls were coming to the home for sexual purposes;

- Flight logs for Epstein's private jet showed that Epstein (accompanied by Ms. Maxwell) flew Ms. Giuffre to the New York City area, a location where Ms. Giuffre said Dershowitz had abused her (see Exhibit #5);

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 15 of 20

- Epstein's flight logs appeared to be disguising the identity of all of the passengers on Epstein's plane by using such notations as "one female."

- A very well-regarded Florida lawyer (Bob Josefsberg), who was selected by the U.S. Government to represent the victims of Epstein's sexual abuse, had found Ms. Giuffre to be credible and in 2009 filed a civil complaint for her alleging not only sex abuse by Epstein but also by "academicians" (see Exhibit #6) -- a group into which Dershowitz fell;

- Shortly after Josefsberg filed the complaint for Ms. Giuffre alleging "academicians" had abuse her, one of Josefsberg's partners, Ms. Ezell, began conducting depositions in Epstein-related cases asking about Dershowitz's awareness of sexual abuse;

- Dershowitz showed up on flight logs for Epstein's private jet, including a flight with an (apparently young) woman named "Tatiana" who did not appear to serve any business purpose for Epstein;

- When asked about Dershowitz, Epstein took the Fifth rather than indicate that Dershowitz was not involved in any criminal activities (see Exhibit #7) – a fact from which an obvious adverse inference could be drawn that Dershowitz was, indeed, involved in Epstein's crimes;

- In moving down from the top of Epstein's criminal conspiracy to the next echelon, three women – Sarah Kellen, Adrianna Mucinska, and Nadia Marcinkova – *all* took the Fifth when asked about Dershowitz's awareness of Epstein's sexual abuse of underage girls or whether Dershowitz was involved in massages with young girls (see Exhibit #16);

- Kellen, Mucinska, and Marcinkova were all covered by a highly unusual non-prosecution agreement (negotiated by, among others, Epstein defense attorney Alan Derhsowitz) that provided immunity from prosecution for sex trafficking not only to Epstein but also to his "potential co-conspirators";

- One of Epstein's household employees, Juan Alessi, said that Dershowitz visited Epstein's Palm Beach mansion four or five times a year, staying two or three days when he went there – and Alessi was able to identify a photograph of Ms. Giuffre as someone who was at the mansion as the same time as Dershowitz (see Exhibit #8);

15

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 16 of 20

- Another Epstein household employee, Alfredo Rodriguez, said that during the time of his employment (2005), Dershowitz visited Epstein's mansion at the same time as "massages" by underage girls were occurring in the mansion (see Exhibit #9);

- When Rodriguez was arrested by the FBI trying to sell Epstein's "little black book" of contacts and phone numbers, he appeared to have circled the name of Alan Dershowitz as someone who had information about Epstein criminal activities (see Exhibit #17);

- Dershowitz had indicated in 2003 that he was an extremely close friend of Epstein – indeed, that the only person outside his immediately family with whom he shared drafts of his books was Epstein;

- Attempts had been made to depose Dershowitz or otherwise obtain information from him about his knowledge of Epstein's sexual abuse in 2009, 2011, 2013, and January 2015, and he had avoided all those efforts (*see* Exhibit #10);

- Dershowitz had told the Palm Beach Police Department that he was going to make Epstein available to answer questions about sex abuse of underage girls, but then repeatedly rescheduled those meetings, ultimately never producing Epstein – a pattern of deception that appeared to be designed to deliberately delay the investigation;

- Dershowitz's pattern of avoiding depositions (and helping Epstein avoid questioning) was consistent with a pattern of other persons who were involved in Epstein's international sex trafficking organization evading efforts to obtain information from them;

- Ms. Giuffre had alleged abuse by other powerful friends of Epstein, including Prince Andrew, and there was a photograph showing Prince Andrew with his arm around Ms. Giuffre apparently taken in London (where she said the sex abuse had taken place) (see Exhibit #11).

Depo. of Paul Cassell (Oct. 16 & 17, 2015), at 61-117 (Exhibit #3).

Edwards and Cassell clearly had a powerful basis for believing their client's allegation

that she had been sexually abused by Dershowitz, particularly where she had made this

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 17 of 20

allegation to them as far back as 2011 before they were representing her. But equally clear is the fact that Dershowitz engaged in intentional misconduct, because of his lack of *any* basis for attacking their professionalism. Dershowitz served as Epstein's defense counsel during the negotiations that lead to his guilty plea and associated non-prosecution agreement. Dershowitz uniquely would have been aware of the compelling evidence against Epstein – and no doubt would have taken a keen interest in the evidence that would have connected him with Epstein's crimes. Most notably, since then, Dershowitz has yet to provide *any* evidence that he relied upon in January 2015 for his claims that Edwards and Cassell had conspired with their client to make up allegations against him. And the idea that if Edwards and Cassell "had just done an hours' worth of work, they would have seen she is lying through her teeth" is laughable in light of the mountain of evidence supporting her allegations – as well as Dershowitz's refusal to be deposed regarding his knowledge of the sexual abuse of Epstein's victims and his personal inability to obtain exonerating evidence.

And what does Dershowitz now claim was the support for his media tirade against these two capable lawyers? As the Court can readily confirm by reading even a small snippet of Dershowitz's deposition, it was very difficult to get him to answer questions directly and specifically. (As a result, Dershowitz's deposition will continue on December 9 and 10.) However, Dershowitz never provided any basis for his attacks on Edwards and Cassell. *See generally* Depo. of Alan Dershowitz (Oct. 15, 2015) (Exhibit #12); Depo. of Alan Dershowitz (Oct. 16, 2015) (Exhibit #13).

17

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 18 of 20

Moreover, some answers were successfully extracted which leaves no doubt that Dershowitz's defamatory statements about Edwards and Cassell were made without any basis. Some of these have been collected in the attached PowerPoint presentation, which shows intentional misconduct – specifically, a series of deliberate lies -- by Dershowitz, apparently designed to conceal his culpability. For example, Dershowitz claimed that the flight logs would "exonerate" him. But he had never even looked at them before attacking Edwards and Cassell. *See* Depo. of Alan Dershowitz at 239-42 (Oct. 16, 2015) (Exhibit #13). Dershowitz also stated in his media appearances that "[a]s far as the planes are concerned, there are flight manifests. They will prove I was never on any private airplane with any young women." *Hana Gorani - CNN Live* (Jan. 5, 2015). And yet a flight log shows Dershowitz on a flight with a young woman named "Tatianna." Dershowitz also was forced to admit in his deposition that whenever he met with Epstein, part of the Epstein "entourage" were woman whom he described as being between the age of 25 and 30.

Dershowitz also stated: "I've been married to the same woman for 28 years. She goes with me everywhere. People know that I won't argue a case or give a speech unless my wife travels with me." *American Lawyer*, Jan. 15, 2015. And yet the available flight logs for Epstein's planes do not show Dershowitz's wife on a single flight while showing Dershowitz traveling without his wife on numerous flights – including a flight with "Tatianna" on it.

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 19 of 20

Dershowitz also stated "I have never been alone . . . with Jeffrey Epstein." UMAR News, Jan. 5, 2015. And yet (among other occasions), a flight log shows Epstein and Dershowitz traveling together – alone.

Dershowitz said "I never got a massage from anybody. It's made up out of whole cloth." But on Local 10 News (Jan. 22, 2015), Dershowitz said he got a massage but "kept my underwear on."

Based on evidence such at this, there is no doubt as the false defamatory nature of Dershowitz's statements against Edwards and Cassell.

## CONCLUSION AS TO PLAINTIFFS' CLAIMS

Partial summary judgment is appropriate in this case, particularly because Florida law provides strong protection for a person's reputation. As the Fourth DCA has explained in upholding a punitive damages award in a defamation case:

> Florida's unusually high protection of personal reputation derives from the common consent of humankind and has ancient roots. It is highly valued by civilized people. Our state constitution and common law powerfully support it. This is a value as old as the Pentateuch and the Book of Exodus, and its command as clear as the Decalogue: ''Thou shall not bear false witness against thy neighbor.'' The personal interest in one's own good name and reputation surpasses economics, business practices or money. It is a fundamental part of personhood, of individual standing and one's sense of worth. In short, the wrongdoing underlying the punitive damages in this case has Florida law's most severe condemnation, its highest blameworthiness, its most deserving culpability. For [defamation] per se, reprehensibility is at its highest.

*Lawnwood Medical Center, Inc. v. Sadow*, 43 SO.3d 710, 729 (Fla. App. 4th DCA 2010).

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 20 of 20

The record evidence and law described here provide clear support for the conclusion not only that Dershowitz sexually abused Ms. Giuffre, but also indisputably that Dershowitz made false and defamatory statements by alleging that two experienced and capable attorneys who thoroughly investigated and believed Ms. Giuffre's allegations in good faith should be disbarred. Equally obvious from the surrounding circumstances is the improper motive behind Alan Dershowitz's high profile media assault.  In his own words:

> "There's an old saying:
> 'If you have the law on your side, bang on the law.
> If you have the facts on your side, bang on the facts.
> If you have neither, bang on the table.'
> I have never believed that, but I do believe in a variation on that theme:
> If you don't have the law or legal facts on your side, argue your case in the court of public opinion."
>
> Alan M. Dershowitz, *Taking the Stand My Life in the Law*

With neither law nor facts available to defend himself against charges of gross wrongdoing, Dershowitz followed his own prescription and took his defense to the court of public opinion where he had an audience willing to ignore both law and facts.  The lawyer victims of Dershowitz's attacks remained temporarily silenced by their personal unwillingness to abandon their faith in the legal system or the interests of their pro bono client.  They filed this action to protect their interests, and the record evidence now supports their entitlement to partial summary judgment on the issues that Dershowitz made false and defamatory statements about them and, in addition, that the Edwards and Cassell suffered presumed damage because these statements are defamatory per se.

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 21 of 20

## III.   EDWARDS AND CASSELL ARE ENTITLED TO SUMMARY JUDGMENT ON THE COUNTERCLAIM ON THE BASIS OF THEIR AFFIRMATIVE DEFENSE OF LITIGATION PRIVILEGE.

As the Court is aware, Edwards and Cassell have pending a motion to dismiss both counts of the First Amended Counterclaim on the basis of litigation privilege and other arguments. In this motion for summary, Edwards and Cassell specifically incorporated herein by reference the arguments advanced there. If for any reason the Court were to find that the motion to dismiss could not be granted based on the litigation privilege, Edwards and Cassell are clearly entitled to summary judgment on both counts of the First Amended Counterclaim for many of the same reasons articulated there – as well as based on new evidence outside the pleadings, such as the fact that Dershowitz has admitted that the allegations Edwards and Cassell filed were relevant to the federal case

Under Florida's litigation privilege, "absolute immunity," a party and her attorneys are "exempted from liability to an action for defamatory words published in the course of judicial proceedings, regardless of how false or malicious the statements may be, as long as the statements bear some relation to or connection with the subject of inquiry." *Zuccarelli v. Barfield*, 165 So. 3d 830, 831 (4th DCA 2015); *see also Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co.*, 639 So. 2d 606 (Fla. 1994). The immunity afforded to statements made during the course of a judicial proceeding extends not only to the parties in a proceeding but to judges, witnesses, and counsel as well. *Id.* The litigation privilege applies in all causes of action, whether for common-law torts or statutory violations. *See*

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 22 of 20

*Echevarria, McCalla, Raymer, Barrett & Frappier v. Cole*, 950 So. 2d 380 (Fla. 2007).

Defamatory statements made by lawyer while interviewing a witness in preparation for and

connected to pending litigation are covered by the absolute immunity conferred by the litigation

privilege. *See DelMonico v. Traynor*, 50 So. 3d 4 (Fla. Dist. Ct. App. 4th Dist. 2010), review

granted, 47 So. 3d 1287 (Fla. 2010).  And because it appears to be undisputed that Dershowitz is

a "public figure," he must carry the extra burden of proving his defamation counterclaim by

"clear and convincing evidence." *Zorc v. Jordan*, 765 So. 2d 768, 771 (Fla. 4th DCA 2000).

These authorities effectively narrow the issue on the pending counterclaim to the

resolution of a single question:  did the filing of Ms. Virginia Roberts Giuffre's affidavit in the

Crime Victim's Rights Act cases currently pending the Federal District Court for the Southern

District of Florida have "some relationship" to that proceeding.   Dershowitz has himself

answered that question in the affirmative on multiple occasions during his recent deposition:

> Q:     You were asked on the occasion of that same Don Lemon CNN interview
> what possible motive the attorneys, Brad Edwards and Paul Cassell, could
> have had to have identified you in the pleading that was filed in the Crime
> Victim's Rights Act Case.  Do you remember that?
>
> A:     That's right, yes.
>
> Q:     And your response was quote – "They want to be able to challenge the
> plea agreement.  I got the very good deal for Jeffrey Epstein."
>
> Did you make a response?
>
> A:     Yes.
>
> Q:     So, you recognized as of January 5, 2015, that the reason why the
> statements were filed in the Crime Victim's Rights Act case was because

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 23 of 20

the Crime Victim's Act case had, as an objective, setting aside the plea agreement that you had negotiated for Jeffrey Epstein, correct?

A.  There were multiple motives.  One of the motives was crassly financial. They were trying to line their pockets with money.  But as I also said, and I said this over and over again, they profiled me.  They sat down with their client, knowing that she has a history of lying, knowing that she is easily suggestible, and they basically pressured her, according to my sources, into including me when she didn't want to include me, because by including me, they could make a claim, false as it was, could make a false claim that a person who negotiated the NPA was also criminally involved with her.

\* \* \*

Q.  You stated, quote: "If they," referring to Bradley Edwards and Paul Cassell, "could find a lawyer who helped draft the agreement" –

A.  Right.

Q.  -- "who also was a criminal having sex, wow, that could help them blow up the agreement."

Did you make that statement on –

A.  Yes.  I just repeated it now, yes, under oath, yes.

Depo. of Alan M. Dershowitz (Oct. 16, 2015), at 217-220 (Exhibit #13).

For all the reasons previously advanced, Edwards and Cassell are entitled to have both counts of the First Amended Counterclaim against them dismissed – as they argue in their pending motion to dismiss.  But in addition, a motion for summary judgment is the proper way to introduce Dershowitz's concession and other evidence to the Court.  And given the obviously undisputed concession that Dershowitz made in his deposition, summary judgment is also appropriate on Count I of the counterclaim because of litigation privilege.

23

Edwards, Bradley vs. Dershowitz
Case No.:  CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 24 of 20

And then, with summary judgment appropriate on Count I of the pending counterclaim, it also follows that summary judgment is also appropriate as to Count II as well.  As explained at greater length in the motion to dismiss, nothing in the record established any disputed fact showing anything other than that Edwards and Cassell did not make out-of-court statements containing actionable defamatory allegations against Dershowitz.   Moreover, in ruling on this summary judgment motion, the "allegedly defamatory words must be read in the context of the entire publication, and if the documents could not possibly have a defamatory effect, the complaint may be dismissed . . . ." *Zorc v. Jordan*, 765 So. 2d 768, 771 (Fla.4th DCA 2000). Dershowitz has simply collected snippets of emails to try and cobble together a viable defamation claim. But when these snippets are each read in context – as this Court must do in ruling on this summary judgment motion – it is clear that Edwards and Cassell were not engaging in a media dialog with Dershowitz, but instead simply representing their client and trying to *avoid* an out-of-court statements about Dershowitz.   For example, Dershowitz remarkably tries to allege that Edwards and Cassell defamed with the statement that "out of respect for the court's desire to keep this case from being litigated in the press, we are not going to respond at this time to specific claims of indignation by anyone."    First Amended Counterclaim at ¶ 32.  Moreover, Dershowitz tries to claim a defamation occurred when Cassell sent an email to a journalist stating "I represent . . . the young woman who was sexually abused by" Prince Andrew and Dershowitz. This statement, read in context, was nothing more than an identification of Cassell's client in a way that permits a media representation to understand who

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 25 of 20

is being discussed. *See* Cassell Depo. at 310-12 (Oct. 17, 2015) (Exhibit #3).   And in addition, Edwards and Cassell were simply making a "fair report" about properly-filed legal pleadings that, as Dershowitz's concession in his deposition demonstrates, were relevant to the case at hand.  For all these reasons, summary judgment in favor of Edwards and Cassell is appropriate on the First Amended Counterclaim.

## CONCLUSION

For the foregoing reasons, defendant, the Court should grant defendant Bradley J. Edwards, Esq., and Paul Cassell, Esq. partial summary judgment in their favor on the issues of the false and defamatory nature of the statements alleged in their complaint, as well as the presumed damages that flow from them.  The Court should also grant summary judgment in their favor on the First Amended Counterclaim filed against them by Dershowitz.

Edwards, Bradley vs. Dershowitz
Case No.: CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 26 of 20

*& Fed Ex*

   I HEREBY CERTIFY that a true and correct copy of the foregoing was sent via E-Serve to all Counsel on the attached list, this _25th_ day of November, 2015.

          Jack Scarola
          Florida Bar No.: 169440
          Attorney E-Mail(s): jsx@searcylaw.com and mep@searcylaw.com
          Primary E-Mail: scarolateam@searcylaw.com
          Searcy Denney Scarola Barnhart & Shipley, P.A.
          2139 Palm Beach Lakes Boulevard
          West Palm Beach, Florida 33409
          Phone:(561) 686-6300/Fax:(561) 383-9451


          SEAN D. REYES
          Utah Attorney General

          By: JONI J. JONES
          JOEL A. FERRE
          Assistant Utah Attorneys General

          Bradley J. Edwards
          FARMER, JAFFE, WEISSING,
          EDWARDS, FISTOS & LEHRMAN, P.L.
          425 North Andrews Avenue, Suite 2
          Fort Lauderdale, Florida 33301
          Telephone (954) 524-2820/Facsimile (954) 524-2822
          E-mail: brad@pathtojustice.com

          *And*

          Paul G. Cassell
          *Pro Hac Vice Motion Pending*
          S.J. Quinney College of Law at the
           University of Utah
          383 S. University St.
          Salt Lake City, UT 84112
          Telephone:801-585-5202/Facsimile:801-585-6833
          E-Mail:cassellp@law.utah.edu

          Attorneys for Plaintiffs Bradley J. Edwards and Paul G. Cassell

Edwards, Bradley vs. Dershowitz
Case No.:  CACE 15-000072
Edwards and Cassells Motion for Summary Judgment on Liability
Page 27 of 20

## COUNSEL LIST

Thomas Emerson Scott, Jr., Esquire
Thomas.scott@csklegal.com;
Steven.safra@csklegal.com
Cole Scott & Kissane P.A.
9150 S Dadeland Boulevard, Suite 1400
Miami, FL  33156
Phone: (305)-350-5329
Fax: (305)-373-2294
Attorneys for Defendant

Richard A. Simpson (pro hac vice)
rsimpson@wileyrein.com
Mary E. Borja (pro hac vice)
mborja@wileyrein.com
Ashley E. Eiler (pro hac vice)
aeiler@wileyrein.com
WILEY REIN LLP
1776 K St. NW
Washington, DC 20006
Phone: (202) 719-7000
Fax: (202) 719-7049

**EVIDENTIARY SUPPORT FOR PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT**

1. Video Presentation.
2. Affidavit of Virginia Roberts Giuffre.
3. Deposition of Paul Cassell (Oct. 16 & 17, 2015).
4. Palm Beach Police Department 87-page report.
5. Flight logs for Epstein's private jet.
6. Jane Doe 102 Complaint.
7. Excerpt of Jeffrey Epstein Taking The Fifth when asked about Dershowitz.
8. Deposition Excerpts of Juan Alessi.
9. Deposition Excerpts of Alfredo Rodriguez.
10. Documents reflecting efforts to depose Dershowitz regarding his knowledge of Epstein's sexual abuse in 2009, 2011, 2013, and January 2015.
11. Photograph showing Prince Andrew with his arm around Ms. Giuffre.
12. Deposition of Alan Dershowitz (Oct. 15, 2015).
13. Deposition of Alan Dershowitz (Oct. 16, 2015).
14. Affidavit of Bradley J. Edwards.
15. Affidavit of Paul G. Cassell.
16. Deposition excerpts of Ms. Sarah Kellen, Ms. Adrianna Mucinska, and Ms. Nadia Marcinkova.
17. Alfredo Rodriguez Copy of Jeffrey Epstein Telephone Directory.