# EXHIBIT F

**United States District Court**
**Southern District of New York**

Virginia L. Giuffre,

        Plaintiff,                   Case No.: 15-cv-07433-RWS

v.

Ghislaine Maxwell,

        Defendant.

_____/

**PLAINTIFF'S SECOND AMENDED SUPPLEMENTAL RESPONSE AND
OBJECTIONS TO DEFENDANT'S FIRST SET OF
<u>DISCOVERY REQUESTS TO PLAINTIFF</u>**

      Plaintiff hereby serves her second amended supplemental responses and objections to

Defendant's First Set of Discovery Requests.

<u>**GENERAL OBJECTIONS**</u>

      Defendant's First Set of Discovery Requests violates Local Civil Rule 33.3. Defendant

has served interrogatories that are in direct violation of that Rule because the interrogatories are

not "restricted to those seeking names of witnesses with knowledge of information relevant to

the subject matter of the action, the computation of each category of damage alleged, and the

existence, custodian, location and general description of relevant documents, including pertinent

insurance agreements, and other physical evidence, or information of a similar nature." Local

Civil Rule 33.3(a). Instead, they seek information under subsections (b) and (c) of Local Civil

Rule 33.3, and therefore, they should not be served because they are not "a more practical

method of obtaining the information sought than a request for production or a deposition," and

because they were served in advance of the period "30 days prior to the discovery cut-off date."

broad under Rule 26(b)(1), Fed. R. Civ. P.  Specifically, Ms. Giuffre objects to the requests as overly burdensome to the extent that they would require logging voluminous and ever-increasing privileged communications between Ms. Giuffre and her counsel after the date litigation commenced on September 21, 2015.  Ms. Giuffre objects to the requests as overly burdensome to the extent that they would require logging voluminous privileged documents between Ms. Giuffre and her counsel related to *Jane Doe #1 and Jane Doe #2 v. United States*, Case no. 08-80736-CIV-Marra, pending in the Southern District of Florida; *Bradley Edwards and Paul Cassell v. Alan Dershowitz*, Case no. CACE 15-000072, pending in the Seventeenth Judicial Circuit, Broward County, Florida; and *Jane Doe No. 102 v. Jeffrey Epstein*, Case No. 09-80656-CIV-Marra/Johnson (Southern District of Florida).  Accordingly, due the undue burden of individually logging responsive privileged documents related to Defendant's overly broad requests, Plaintiff has employed categorical logging of such privileged responsive documents pursuant to Local Civil Rule 26.2(c).

Ms. Giuffre objects to the requests in that they seek to invade her privacy for the sole purpose of harassing and intimidating Ms. Giuffre who was a victim of sexual trafficking.  Ms. Giuffre objects to the requests to the extent they are overly broad and unduly burdensome.

Ms. Giuffre objects to Defendant's definition of "your attorneys" because it includes names of attorneys that do not represent her, including Spencer Kuvin and Jack Scarola.

Ms. Giuffre's responses to Defendant's First Set of Discovery Requests are being made after reasonable inquiry into the relevant facts, and are based only upon the information and documentation that is presently known to her.  Ms. Giuffre reserves the right to modify and/or supplement her responses.  Ms. Giuffre is producing documents and information herewith, and she will continue to review and produce relevant documents until completion.

Facebook account for a short time but it is no longer active. Per our representations during the March 21, 2015 meet and confer phone call, we are working diligently to find information to supplement the above information, and once that information is obtained, Plaintiff will serve supplemental responses.

      3.      Identify each attorney who has represented you from 1998 to the present, the dates of any such representation, and the nature of the representation.

**<u>Response to Interrogatory No. 3</u>**

      Ms. Giuffre objects to this interrogatory as it seeks privileged information relating to her representation by attorneys.

- o Ms. Giuffre responds as follows: Bob Josefsberg, Katherine W. Ezell, Amy Ederi (among other possible Podhurst Orseck, P.A. attorneys) represented Ms. Giuffre as a party in the litigation styled as *Jane Doe No. 102 v. Jeffrey Epstein, Case No. 09-80656-CIV-Marra/Johnson*, starting on January 27, 2009.

- o Stan Pottinger, David Boies, and Sigrid McCawley (along with other Boies Schiller & Flexner LLP ("Boies Schiller") attorneys) represented Ms. Giuffre as a non-party in the litigation styled as *Bradley Edwards and Paul Cassell v. Alan Dershowitz*, Case no. 15-000072, Seventeenth Judicial Circuit, Broward County, Florida, starting in February, 2015.

- o Brad Edwards (along with other Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L. ("Farmer Jaffe") attorneys), Paul Cassell, Stan Pottinger, David Boies and Sigrid McCawley (along with other Boies Schiller attorneys) represent Ms. Giuffre as a party in the litigation styled *Giuffre v. Maxwell*, 15-cv-07433-RWS in the Southern District of New York, the complaint of which was filed in September, 2015.

- o Paul Cassell represents Ms. Giuffre as a non-party in the litigation styled as *Jane Doe #1 and Jane Doe #2 v. United States*, Case No. 08-80736-CIV-Marra, Southern District of Florida, starting in May of 2014.

- o Brad Edwards (along with other Farmer, Jaffe attorneys) represents Ms. Giuffre as a non-party in the litigation styled as *Jane Doe #1 and Jane Doe #2 v. United States*, Case No. 08-80736-CIV-Marra, Southern District of Florida, starting in 2011.

o Brad Edwards provided Ms. Giuffre with legal advice concerning media inquiries Ms. Giuffre had received starting in 2011.

o Paul Cassell, Brad Edwards (along with other Farmer, Jaffe, attorneys), Stan Pottinger, David Boies (along with other Boies Schiller attorneys) represented Ms. Giuffre regarding investigations into potential legal action starting in the second half of 2014.

o Paul Cassell, Brad Edwards (along with other Farmer, Jaffe, attorneys), Stan Pottinger, David Boies, and Sigrid McCawley (along with other Boies Schiller attorneys) represent Ms. Giuffre as a cooperating witness with regard to a law enforcement investigation, starting in May, 2015.

o Paul Cassell provided Ms. Giuffre with legal advice concerning potential legal action starting in early 2011.

o Paul Cassell and Brad Edwards (along with other Farmer, Jaffe, attorneys) represented Ms. Giuffre and Victims Refuse Silence, giving advice regarding Victims Refuse Silence, starting in October, 2014.

o Meg Garvin (law professor at Lewis & Clark Law School, and the Executive Director of the National Crime Victim Law Institute ) represented Ms. Giuffre and Victims Refuse Silence, giving advice regarding Victims Refuse Silence, starting in October, 2014.

o Sigrid McCawley (along with other Boies Schiller attorneys) represented Ms. Giuffre and Victims Refuse Silence, giving advice regarding Victims Refuse Silence, starting in February 2015.

4. Identify each Communication, including the transmission of any Document, that You or Your Attorneys have had with any local, state or federal law enforcement agent or agency, whether in the United States or any other country, whether in Your capacity as a purported victim, witness, or perpetrator of any criminal activity, and whether as a juvenile or as an adult, including without limitation:

a. the date of any such Communication;

37.     Statements or records from any bank into which You deposited money received from Jeffrey Epstein, any Person identified in Interrogatory No. 8 or 14, any witness disclosed in Your Rule 26(a) disclosures, any media organization or any employee or affiliate of any media organization.

**Response to Request No. 37**

Ms. Giuffre objects in that it seeks information protected by the attorney-client privilege, the attorney work product privilege, joint defense/common interest privilege, the public interest privilege, and any other applicable privilege.  Ms. Giuffre objects to this request in that it seeks personal financial information. Ms. Giuffre objects to this request in that it is overly broad as it has no time limitation.

Subject to and without waiving the above objections, Ms. Giuffre has already produced documents Bates labelled GIUFFRE000001 to GIUFFRE005353, and will produce non-privileged documents responsive to this Request, and will continue to supplement her production.

Dated: April 29, 2016

                              Respectfully Submitted,

                              BOIES, SCHILLER & FLEXNER LLP

                       By: /s/ Sigrid McCawley
                              Sigrid McCawley (Pro Hac Vice)
                              Meredith Schultz (Pro Hac Vice)
                              Boies Schiller & Flexner LLP
                              401 E. Las Olas Blvd., Suite 1200
                              Ft. Lauderdale, FL 33301
                              (954) 356-0011

                              David Boies
                              Boies Schiller & Flexner LLP
                              333 Main Street
                              Armonk, NY 10504