# EXHIBIT K

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-80736-CIV-MARRA

JANE DOE #1 and JANE DOE #2,

      Plaintiffs,

vs.

UNITED STATES OF AMERICA,

      Defendant.

_____/

**ORDER ON THE INTERVENORS' MOTION FOR A PROTECTIVE
CONFIDENTIALITY ORDER**

THIS CAUSE is before the Court upon the Intervenors' Motion for a Protective
Confidentiality Order (DE 247). This matter is fully briefed and is now ripe for review. The Court
has carefully considered the briefs and is fully advised in the premises. For the reasons stated below,
the Motion (DE 247) is **GRANTED IN PART and DENIED IN PART**.

**I. Background**

This action is brought by the alleged victims ("victims" or "petitioners") of sexual crimes
committed by Jeffrey Epstein ("Epstein"). The victims allege that the United States Attorney
violated their rights under the Crime Victims' Rights Act ("CVRA"), and are seeking relief
stemming from the alleged violations. This Court denied the government's motion to dismiss, and
granted petitioners' motion to use correspondence between the Untied States Attorney's Office and
Epstein' counsel to prove their case.[1] The government and the victims are currently engaged in
litigating whether the materials in question are protected from disclosure based upon various

_____

[1]The parties appealed these Orders. (DE 194, 195, 196). On April 18, 2014, the Eleventh
Circuit affirmed the disclosure order, and the mandate was issued on June 11, 2014. (DE 254).

grounds, including the prohibition of the Federal Rule of Criminal Procedure 6(e) concerning grand jury materials, and the work product, investigative, attorney-client, and deliberative process privileges. Also, by a contemporaneous order, the Court is permitting Epstein to intervene for the limited purpose of asserting his interests in the secrecy of matters occurring before the federal grand jury of which he was a target.

The intervenors, Epstein and his attorneys[2] ask the Court to enter a Protective Confidentiality Order which (1) limits dissemination of the confidential materials only to certain recipients, and (2) prohibits any party from making any filings with the Court containing the confidential materials absent leave of Court to file the documents under seal.

## II. Legal standard and discussion

"In order to preserve the confidentiality of sensitive materials, a district court may regulate access to the information by issuing a protective order pursuant to Rule 26(c)," including by issuing an "umbrella" order when document-by-document review is not practical. In re Alexander Grant & Co. Litig., 820 F.2d 352, 355 (11th Cir. 1987). "Under the provisions of umbrella orders, the burden of proof justifying the need for the protective order remains on the movant; only the burden of raising the issue of confidentiality with respect to individual documents shifts to the other party." Id.

The Federal Rule of Civil Procedure 26(c) gives the courts the power to issue an order to

---

[2]Epstein and his counsel have been previously allowed to intervene for the limited purpose of asserting that the plea negotiation correspondence was privileged. (DE 158, 159). After the instant Motion had been filed, the Eleventh Circuit disposed of the intervenors' interlocutory appeal ruling that no privilege would prevent the disclosure of the plea negotiations. Doe No. 1 v. United States, 749 F.3d 999, 1008 (11th Cir. 2014). Accordingly, Epstein's attorneys are no longer intervenors in this case.

Case 0:17-mc-00035-RWS Document 10-11 Filed 06/30/16 Page 4 of 6

protect a party or a person from annoyance, embarrassment, or oppression if good cause is shown.

Fed. R. Civ. P. 26(c).[3]  To determine whether good cause has been shown, the courts consider the

following factors: "[1] the severity and the likelihood of the perceived harm; [2] the precision with

which the order is drawn; [3] the availability of a less onerous alternative; and [4] the duration of the

order."  In re Alexander Grant & Co. Litig., 820 F.2d at 356.  Additionally, the courts balance the

competing interests of the parties and of the public to inspect the documents upon which the courts

make their case dispositive decisions.  Id.; Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263

F.3d 1304, 1311 (11th Cir. 2001).

It is necessary to point out that there is no common law public right of access to discovery

---

[3]This Rule states in pertinent part:
(1) In General. A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(A) forbidding the disclosure or discovery;
(B) specifying terms, including time and place, for the disclosure or discovery;
(C) prescribing a discovery method other than the one selected by the party seeking discovery;
(D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
(E) designating the persons who may be present while the discovery is conducted;
(F) requiring that a deposition be sealed and opened only on court order;
(G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
(H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.
Fed. R. Civ. P. 26(c)(1).

documents. <u>Chicago Tribune Co.</u>, 263 F.3d at 1311. Thus, the Eleventh Circuit has said that "material filed with discovery motions is not subject to the common-law right of access, whereas discovery material filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right." <u>Id.</u> at 1312.

Here, Epstein proposed a very detailed Protective Confidentiality Order ("proposed order"). The proposed order would apply to all correspondence between the United States Attorney's Office and the intervenors. It would limit dissemination of this correspondence only to the Court personnel, court reporters, petitioners' attorneys who are counsel of record in this case and their paralegal and clerical staff, retained consulting or testifying experts and consultants, and additional persons upon the agreement of the parties and the Intervenors. The proposed order would also require any party intending to file the correspondence in support or opposition of a non-discovery motion to ensure that the materials receive proper protection from public disclosure and seek leave of Court to file the documents under seal in accordance with the Local Rules.

Epstein argues that good cause exists for protecting the correspondence because this is a "high profile" case, and petitioners' counsel has made numerous comments to the press about this case in the past. <u>See</u> Motion, Ex. 2-4 (DE 247-2 – 4). The Court finds that Epstein has shown good cause to prevent potential dissemination of the correspondence between the government and the intervenors to the press for the purposes of generating publicity. Accordingly, the provisions that would limit disclosure of the correspondence in question to the proposed list of people are acceptable. However, the Court finds the proposed requirement to seek leave of Court to seal the filing every time a party files a motion is overly restrictive and that it will inhibit the administration of this case. Any party may file any document subject to the limited protective order in connection

4

with any motion when such document is relevant to the prosecution or defense of any motion.

## III. Conclusion

It is therefore **ORDERED AND ADJUDGED** that the Intervenors' Motion for a Protective Confidentiality Order (DE 247) is **GRANTED IN PART and DENIED IN PART**. The Court declines to enter the proposed order. However, the parties or Epstein may propose another protective order consistent with this opinion. The parties and Epstein shall make every effort to agree on the terms of any such proposed order. Lastly, the proposed order should not make any legal predeterminations, such as who will be have the burden of proof on any issues.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 21st day of September, 2014.

_____

KENNETH A. MARRA
United States District Court