**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BRADLEY J. EDWARDS<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>GHISLAINE MAXWELL<br><br>　　　　　　Defendant. | **DECLARATION OF BRADLEY J. EDWARDS SUPPORT OF SUPPLEMENTAL REPLYH IN SUPPORT OF MOTION TO QUASH SUBPOENA OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER**<br><br>No. 1:17-mc-00025-RWS |

　　　　I, Bradley J. Edwards, declare as follows:

　　　　1.  I am a board certified civil trial attorney at law duly licensed in the State of Florida and admitted to practice in the U.S. District Court for the Southern District of Florida. I respectfully submit this declaration in support of the Supplemental Reply in Support of the Motion to Quash Subpoena or, in the Alternative, for a Protective Order.

　　　　2.  I am a counsel of record for plaintiff Virginia L. Giuffre in the case Giuffre v. Maxwell, No. 15-cv-07433-RWS (S.D.N.Y.), admitted pro hac vice. Other counsel of record include: Sigrid S. McCawley and Meredith Schulz of Boies, Schiller & Flexner, LLP (Ft. Lauderdale, Florida), and Paul G. Cassell (who maintains his law office at the University of Utah in Salt Lake City, Utah). I have great familiarity with the facts surrounding Ms. Giuffre's case, have taken numerous of the depositions in this case, and I will be heavily involved in the trial of the case in May, handling many of the most important witnesses. Preparing for that trial is consuming a great deal of my time currently and will continue to do so through trial.

1

3. I have received a subpoena to produce numerous documents in the *Giuffre v. Maxwell* case. I am not a party to that case, but the attorney for the plaintiff, Ms. Giuffre.

4. I have reviewed the subpoena served on me requesting, among other things, the production in paragraphs 19 and 20 of communications concerning "any witness or prospective witness in Giuffre v. Maxwell." While that term seems is presumably confined to Defendant's Rule 26 disclosures, I am unclear who Defendant contemplates as a "prospective witness" and no further clarification is provided in the subpoena.

5. An added complication to attempting to fully analyze what a complete assembly of such communications would look like is that there is simply no way to search in exhaustive fashion. While certain names of currently known "prospective witnesses" could be searched, without specific identities being provided to me there is no way to remember each person I may or may not have corresponded with by email. For instance, typing in the search bar "prospective witness" would not produce any of the desired correspondence.

6. Even if I confined my search to witnesses identified by the parties in the pre-trial order, it appears that subpoena would require me to produce a privilege log for thousands of emails. For example, one of the "witnesses" identified by the Defendant in this case is my co-counsel on various cases, Professor Paul G. Cassell at the S.J. Quinney College of Law at the University of Utah. We have worked on several cases together for more than eight years, during the course of which we have exchanged several thousand emails covered by the attorney-client privilege and work-product protection.

7. With regard to witnesses who have been identified by the opposing parties in the pre-trial order, in preparation for trying the case and as part of our legal team's trial strategy, I have communicated with various individuals who had, or were believed to have, relevant

information. All such communications were for no purpose other than to advance the preparation and furtherance of existing and/or contemplated litigation.

8. The purpose of some of my communications cannot be stated without invading the attorney-client privilege; however, the communications with any witness was because of the prospect of litigation.

9. Any identification of any such communications, if possible, would invade the attorney work-product privilege, including the production of a log containing identities of the people with whom I communicated, and the timing of those communications. Providing any of this type of information, in this case, regarding which prospective witness we spoke with and the timing of those communications, would necessarily involve disclosure of the issues and witnesses who Ms. Giuffre's trial team has been focusing on and the timing of that focus.

10. As a final consideration, I have communicated with individuals, all in anticipation of litigation, some who have expressed their fear of becoming known, and all in furtherance of litigation and our case strategy.

DATED this 13th day of March, 2017.

BY:   /s/ Bradley J. Edwards