UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X

BRADLEY J. EDWARDS,

    Plaintiff,

v.

GHISLAINE MAXWELL,

    Defendant.

**17-mc-00025-RWS**

---------------------------------------------------X

# Defendant's Sur-Reply to Supplemental Reply

Jeffrey S. Pagliuca
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

**INTRODUCTION**

Almost one year after being served with a subpoena to produce documents in this matter Mr. Edwards, for the first time, claims, with no real legal support, that the letters he sent to various former employees of Jeffrey Epstein and other potential witnesses are "work product". Mr. Edwards attempts to obfuscate the issue by claiming that he would have to review hundreds, no, thousands, of emails to determine to whom such solicitations were sent. Mr. Edwards knows that he sent a form solicitation letter to many individuals, including former Epstein employees, requesting their assistance as a witness in this case. It strains credibility to believe that Mr. Edwards did not keep files related to these people. It also strains credibility to believe that it would take more than a simple word search to find these letters in Mr. Edwards's files. Mr. Edwards, who has had the subpoena for almost one year, has produced no privilege log supporting his assertion of "work product" and fails to address, at all, how the responses of the individuals who received the solicitation letters could possibly be his work product.

**I.    MR. EDWARDS HAS WAIVED ANY CLAIM OF WORK PRODUCT BY HIS FAILURE TO PRODUCE A PRIVILEGE LOG.**

It is noteworthy that the initial objection by Mr. Edwards to RFP 19 and RFP 20 was that production would be a "burden" on Mr. Edwards. (Mot. To Quash, filed June 16, 2016, at page 19.) Now, almost one year later, Mr. Edwards claims that the solicitation letters are "work product." He has not, however, complied with Fed. R. Civ. P. 45(E)(2)(A). Although Mr. Edwards may be allowed to belatedly assert that privilege under Fed. R. Civ. P. 45(E)(2)(A), he also is required to produce a log of all documents withheld based on any alleged privilege or protection:

> (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
> 
> (i) expressly make the claim; and

1

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

An "unjustified failure to list privileged documents on the required log of withheld documents in a timely and proper manner operates as a waiver of any applicable privilege," *OneBeacon Ins. Co. v. Forman Int'l Ltd.,* 04 CIV. 2271(RWS), 2006 WL 3771010, at *7–8 (S.D.N.Y. Dec. 15, 2006). As this Court noted in *OneBeacon Ins. Co.,* the waiver of privilege is equally applicable where there is a failure to produce a privilege log under Rules 45 and 26. *Id.* (citing *In re Application for Subpoena to Kroll,* 224 F.R.D. 326, 328 (E.D.N.Y. 2004) ("Rule 45 requires that the party claiming a privilege prepare a privilege log.... Failure to submit a privilege log may be deemed a waiver of the underlying privilege claim.")); *Labatt Ltd. v. Molson Breweries,* Nos. 93 CV 75004, 94 CV 71540(RPP), 1995 WL 23603 (S.D.N.Y. Jan. 20, 1995), *aff'd, Dorf & Stanton Commc'ns, Inc.,* 100 F.3d 919, 923 (Fed.Cir.1997) (upholding determination that privilege had been waived due to failure to satisfy Rules 45(d)(2) and 26(b)(5)); *see also In re Grand Jury Subpoena,* 274 F.3d 563, 575-76 (1st Cir.2001) (stating that a "party that fails to submit a privilege log" pursuant to Fed. R. Civ. P. 45(d)(2) "is deemed to waive the underlying privilege claim").

II.   **MR. EDWARDS HAS FAILED TO DEMONSTRATE THAT THE SOLICITATION LETTERS ARE WORK PRODUCT AND THAT ANY PROTECTION AFFORDED BY THE WORK PRODUCT DOCTRINE HAS NOT BEEN WAIVED.**

The party seeking to assert a claim of privilege has the burden of demonstrating both that the privilege exists and that it has not been waived. *See von Bulow v. von Bulow,* 811 F.2d 136, 144 (2d Cir.1987); *Smith v. Conway Org.,* 154 F.R.D. 73, 77 (S.D.N.Y.1994); *Nikkal Indus., Ltd. v. Salton, Inc.,* 689 F. Supp. 187, 191 (S.D.N.Y.1988). This burden stems from the recognition that "enforcement of a claim of privilege acts in derogation of the overriding goals of liberal

2

discovery and adjudication on their merits." *Bowne of New York City, Inc. v. AmBase Corp.,* 150 F.R.D. 465, 473 (S.D.N.Y.1993). It is for this reason that privileges are "disfavored and generally to be narrowly construed." *Id.; see, e.g., United States v. Goldberger & Dubin, P.C.,* 935 F.2d 501, 504 (2d Cir.1991).

The work product doctrine, codified at Federal Rule of Civil Procedure 26(b)(3), shields from discovery "documents and tangible things ... prepared in anticipation of litigation." Fed. R. Civ. P. 26(b)(3). It "is intended to preserve a zone of privacy in which a lawyer can prepare and develop legal theories and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his adversaries." *United States v. Adlman,* 134 F.3d 1194, 1196 (2d Cir.1998) (*quoting Hickman v. Taylor,* 329 U.S. 495, 510–11 (1947)).

Work product protection "is not absolute. Like other qualified privileges, it may be waived." *United States v. Nobles,* 422 U.S. 225, 239 (1975*).* The party asserting the protection afforded by the work product doctrine has the burden of showing both that the protection exists and that it has not been waived. *See e.g.*, *Resolution Trust Corp. v. Mass. Mut. Life Ins. Co.*, 200 F.R.D. 183, 188 (W.D.N.Y.2001) (citation omitted); *Granite Partners v. Bear, Stearns & Co. Inc.*, 184 F.R.D. 49, 52 (S.D.N.Y.1999) (citing cases).  As the court held in *Bristol–Myers Squibb Co. v. Rhone–Poulenc Rorer*, No. 95 Civ. 8833, 1997 WL 801454, at *1 (S.D.N.Y. Dec. 31, 1997), waiver, "of either the lawyer-client or work product privilege, is designed to assure fairness to litigants."

The solicitation letters at issue here are not work product.  Indeed, it is hard to imagine how the type of form letter sent to former Epstein employees could be "work product".  Mr. Edwards, in these form letters, is essentially attempting to "guilt" witnesses into contacting him. The factual assertions, or other promises, made by Edwards are certainly not confidential, as they

3

are being directed at persons outside the litigation. Mr. Edwards has no expectation of privacy or confidentiality when he is sending these letters. To the extent that the purported facts in the letters are inaccurate or misrepresented they may be part of any witnesses' bias or motive to testify. If the witness testifies, the witness can be asked if the witness received a solicitation letter from Mr. Edwards, which would not be protected from disclosure. The proffering of the witness acts as a waiver of any work product protection under these circumstances because it would be fundamentally unfair to have influenced the witnesses' testimony but shield the influence by a claim of work product. Mr. Edwards has not produced an example of the form letter for the Court to review, likely because he knows that the Court would reject the claim that the form solicitation letter is work product.

### III.     MR. EDWARDS HAS NO CLAIM THAT RESPONSES TO THE SOLICITATION LETTERS ARE WORK PRODUCT.

RFP 20 requests the responses to any of the solicitation letters. Mr. Edwards has no claim that what a prospective witness writes back to him is "work product". The RFP does not ask for Mr. Edwards's notes or interview memoranda. It requests whatever response Mr. Edwards received from the solicitation. Mr. Edwards has failed to log any of these communications, a waiver in and of itself. Again, it is likely that he has refused to produce a log because to do so would demonstrate the frivolousness of this claim.

### CONCLUSION

For the above stated reasons, Ms. Maxwell respectfully requests that the Motion to Quash be denied.

Dated: March 20, 2017

                              Respectfully submitted,

                              */s/ Jeffrey S. Pagliuca*
                              Jeffrey S. Pagliuca (*pro hac vice*)
                              HADDON, MORGAN AND FOREMAN, P.C.
                              150 East 10th Avenue
                              Denver, CO 80203
                              Phone:   303.831.7364
                              Fax:       303.832.2628
                              jpagliuca@hmflaw.com

                              Denise D. Riley (# 160245)
                              Riley Law PLLC
                              2710 Del Prado Blvd. S., Unit 2-246,
                              Cape Coral, FL 33904
                              Phone:  303.907.0075
                              denise@rileylawpl.com

                              *Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on March 20, 2017, I electronically served this *Defendant's Sur-Reply to Supplemental Reply* via ECF on the following:

Paul G. Cassell
383 S. University Street
Salt Lake City, UT 84112
cassellp@law.utah.edu

Jack Scarola
Searcy Denney Scarola Barnhart & Shipley, P.A.
2139 Palm Beach Lakes Boulevard
West Palm Beach, Florida 34409
Phone: 561-686-6300
Fax : 561-383-9451
jsx@searcylaw.com
mep@searcylaw.com

                                              */s/ Nicole Simmons*
                                              Nicole Simmons